FILED BY CLERK

FEB 21 2006

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

|  |  |  |
|---|---|---|
| IN RE THE COMMITMENT OF ROBERT FLEMMING | ) ) ) ) ) ) ) ) | 2 CA-MH 2005-0005-SP<br>DEPARTMENT A<br><br>O P I N I O N |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. A-36951

Honorable Howard Fell, Judge Pro Tempore

AFFIRMED

Barbara LaWall, Pima County Attorney
  By Taren M. Ellis                                                              Tucson
                                                          Attorneys for Appellee

Barton & Storts, P.C.
  By Brick P. Storts, III                                                        Tucson
                                                         Attorneys for Appellant

P E L A N D E R, Chief Judge.

¶1       In 1999, after stipulating that he suffered from pedophilia and psychosis, Robert Flemming was adjudicated a sexually violent person as defined in A.R.S. § 36-3701(7) of Arizona's Sexually Violent Persons (SVP) Act, A.R.S. §§ 36-3701 through 36-3717. He was civilly committed for treatment at the Arizona Community Protection and Treatment Center (ACPTC) pursuant to § 36-3707(B)(1). In a 2003 incident, Flemming became violent and physically assaulted a staff member at the ACPTC. As a result, he was prosecuted, convicted of aggravated assault, and sentenced in July 2004 to serve a 3.5-year prison sentence in the Arizona Department of Corrections (ADOC).

¶2       At the state's request, the trial court in August 2004 ordered "any and all treatment, evaluation, testing, and reporting requirements" of the SVP Act stayed pending Flemming's release from ADOC and his return to the ACPTC. Flemming then filed a petition asking the trial court to vacate the stay order and dismiss the SVP proceedings entirely in light of his incarceration. This appeal follows the trial court's denial of Flemming's "motion to dismiss."

¶3       Generally, a trial court's denial of a motion to dismiss is an interlocutory, non-appealable order. *Nataros v. Superior Court*, 113 Ariz. 498, 499, 557 P.2d 1055, 1056 (1976). But, in this unique and specific context involving a post-judgment order in an SVP proceeding, we have jurisdiction pursuant to A.R.S. § 12-2101(C) ("any special order made after final judgment" is appealable). *See also Arvizu v. Fernandez*, 183 Ariz. 224, 226-27, 902 P.2d 830, 832-33 (App. 1995); *cf.* § 12-2101(K)(2) (orders revoking or refusing to

revoke prior adjudications of insanity and incompetency are appealable orders). We review issues concerning the interpretation of Arizona's SVP Act de novo. *State v. Hoggatt*, 199 Ariz. 440, ¶ 4, 18 P.3d 1239, 1241 (App. 2001).

¶4 Flemming challenges the trial court's refusal to dismiss the SVP proceedings, claiming the court lacked authority to order a stay. He contends his rights under the SVP Act include the right to "care, supervision and treatment" at the ACPTC in accordance with § 36-3707(B); the right to be evaluated annually pursuant to § 36-3708; and the right to petition annually for release to a less restrictive, alternative placement or for a complete discharge under §§ 36-3709 and 36-3714. Because Flemming is necessarily being denied these "rights" while he is in the custody of ADOC, he contends the SVP proceedings should be dismissed.

¶5 Flemming is correct that the SVP Act does not specifically provide for the situation in which a sexually violent person, after being civilly committed under the Act, is subsequently arrested and incarcerated on criminal charges. Consequently, the Act does not expressly authorize the trial court to order a stay. But neither does it authorize the outright dismissal Flemming seeks. Instead, § 36-3704(D) provides: "The court's jurisdiction over a person who is civilly committed pursuant to this article continues until the person is discharged by the court."

¶6 Flemming's arrest and conviction on criminal charges is in no sense a discharge under the SVP Act for purposes of § 36-3704(D). Such a discharge occurs, upon

3

petition by the committed person, only if the state cannot prove beyond a reasonable doubt at a hearing on the discharge petition that the committed person's mental disorder persists and the person remains a danger to others and likely to engage in acts of sexual violence if discharged. *See* § 36-3714(A), (C). Flemming's arrest, conviction, and resulting prison sentence for an assault he committed while confined neither constitute, nor necessitate, his discharge under § 36-3714.

¶7 Although Flemming contends the state should dismiss the SVP proceedings while he is incarcerated and refile them, if appropriate, when he completes his sentence, § 36-3704(D) provides otherwise. Short of the complete discharge contemplated by §§ 36-3704(D) and 36-3714(A) and (C), we can conceive of no reason why the state should be required to duplicate its efforts and repeat the procedure by which Flemming has already been adjudicated a sexually violent person pursuant to § 36-3707. What Flemming characterizes as his "rights" under the SVP Act are essentially procedural safeguards that accompany and qualify the state's authority to keep those who have been adjudicated sexually violent persons confined indefinitely. The rights Flemming claims he is now being denied as the result of his criminal conviction are, more accurately, conditions of his continued civil confinement, necessitated by the "obvious liberty interest at stake" when a sexually violent person is civilly committed for an indeterminate period of supervision and treatment. *Ugalde v. Burke*, 204 Ariz. 455, ¶ 12, 65 P.3d 103, 106 (App. 2003).

¶8    But Flemming is not presently subject to civil confinement. His criminal conviction, prison sentence, and resulting transfer to the custody of ADOC have rendered him temporarily ineligible for the "care, supervision or treatment" he would otherwise be receiving had he remained at the ACPTC under the supervision of the superintendent of the Arizona state hospital. *See* § 36-3707(B). While he is in prison, the superintendent of the state hospital is unable to provide the treatment, testing, evaluations, reviews, and hearings to which Flemming will again be entitled when he is returned to the ACPTC.

¶9    Flemming's arrest, criminal prosecution and prison sentence for assault, were intervening, superseding events, all self-imposed by his own criminal conduct, that currently prevent the state from complying with the annual requirements imposed by the SVP Act. Until Flemming is released from prison, transferred back to the custody of the department of health services or the superintendent of the state hospital, and returned to the ACPTC to resume his civil commitment, his absence and imprisonment effectively suspend the state's obligations under the SVP Act by rendering compliance with the Act impossible and pointless.[1] As a result, the trial court's August 2004 stay order was a logical, appropriate, and essentially ministerial act in response to Flemming's arrest and the

---

[1]Even if theoretically required and somehow possible, the state's compliance with evaluation and reporting requirements would be futile in any event. Were Flemming evaluated and declared eligible for release to a less restrictive alternative placement pursuant to § 36-3710 or for discharge pursuant to § 36-3714, he would still, of course, remain in prison until the expiration of his criminal sentence. Thus, for as long as he remains in custody serving a criminal sentence, his civil status as a sexually violent person is of no practical consequence.

5

unavoidable interruption of his civil commitment by new criminal proceedings. *See* A.R.S. § 12-123(B) (superior court "shall have all powers and may issue all writs necessary to the complete exercise of its jurisdiction"). The trial court properly denied Flemming's petition for dismissal of the SVP proceedings, and we affirm its ruling.

_____
JOHN PELANDER, Chief Judge

CONCURRING:


_____
PHILIP G. ESPINOSA, Presiding Judge


_____
WILLIAM E. DRUKE, Judge*


*A retired judge of the Arizona Court of Appeals authorized and assigned to sit as a judge on the Court of Appeals, Division Two, pursuant to Arizona Supreme Court Order filed December 6, 2005.