IN THE COURT OF APPEALS
STATE OF ARIZONA

FILED BY CLERK

JAN 25 2008

COURT OF APPEALS
DIVISION TWO

|  |  |
|---|---|
| ) | 2 CA-MH 2007-0002-SP |
| ) | DEPARTMENT A |
| ) |  |
| IN RE THE COMMITMENT OF ) | O P I N I O N |
| WILFREDO JARAMILLO ) |  |
| ) |  |
| ) |  |
| _____ ) |  |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. A-20060008

Honorable Frank Dawley, Judge Pro Tempore

AFFIRMED

---

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                                                Tucson
                                                                      Attorneys for Appellee


Robert J. Hooker, Pima County Public Defender
  By John F. Palumbo                                                              Tucson
                                                                     Attorneys for Appellant

---

H O W A R D, Presiding Judge.


**¶1**          After a jury trial, appellant Wilfredo Jaramillo was found to be a sexually

violent person and was committed to the Arizona Community Protection and Treatment

Center pursuant to Arizona's Sexually Violent Persons (SVP) Act, A.R.S. §§ 36-3701 through 36-3717. On appeal, Jaramillo argues the trial court committed reversible error by admitting evidence of unproven prior acts in violation of Rule 404(c), Ariz. R. Evid. Because the trial court correctly concluded that Rule 404(c) does not apply to this prior-act evidence, we affirm.

**Factual and Procedural Background**

**¶2**        In 1996, Jaramillo pleaded guilty but insane to attempted sexual conduct with a minor and was committed to the Arizona State Hospital for ten years. In 2006, as Jaramillo neared the end of his commitment, the state filed a petition alleging that Jaramillo is a sexually violent person as defined in § 36-3701(7).

**¶3**        On the second day of trial on that issue, Jaramillo filed a motion in limine to preclude introduction of evidence of prior acts other than those for which there was a "properly authenticated prior conviction[]." At a hearing that day, he contended that evidence of the prior acts should only be admitted if the state satisfied the requirements of Rule 404(c), which provides a procedure for introducing evidence of a person's prior "crimes, wrongs, or acts" to demonstrate a "character trait giving rise to an aberrant sexual propensity to commit the offense charged." The court concluded that Rule 404(c) did not apply and that evidence of the prior acts was admissible to establish Jaramillo's propensity to commit future acts of sexual violence. At trial, psychologist Thomas Fisher, who had

2

evaluated Jaramillo, testified about three prior acts:[1] in 1992, Jaramillo had touched an eleven-year-old female's buttocks and pleaded guilty to annoying a minor; in 1992, he had exposed himself to a woman and touched her buttocks before being escorted from the area; and, in 1993, he had touched a woman's buttocks, crotch, and chest, and prosecution was deferred.[2]

¶4 Based on his interview with Jaramillo and other information, Dr. Fisher's diagnoses included polysubstance abuse; pedophilia, nonexclusive type; and antisocial personality disorder as well as symptoms of schizophrenia and schizoaffective disorder. He testified that the features of Jaramillo's prior acts were important in his diagnoses and noted the prior offenses were factors relevant to determining the risk that Jaramillo would commit future acts of sexual violence. He ultimately opined that it was highly probable Jaramillo would commit future acts of sexual violence unless treated.

## Rule 404(c) Analysis

¶5 Jaramillo argues the court committed reversible error by admitting evidence of his prior acts without applying Rule 404(c). We review the trial court's decision to admit evidence of prior acts for an abuse of discretion. *See Gemstar Ltd. v. Ernst & Young*, 185

---

[1]Dr. Fisher also alluded to instances during Jaramillo's commitment in which he had inappropriately touched people and exposed himself, but Jaramillo does not appear to challenge on appeal the mention of these acts. In any event, in light of our disposition of this case, the court did not err in permitting discussion of these other acts.

[2]Jaramillo does not challenge the sufficiency of the evidence of these prior acts outside the Rule 404(c) context. We therefore need not address the level of proof required or when the trial court may in its discretion preclude such evidence. *See* Ariz. R. Evid. 403.

Ariz. 493, 506, 917 P.2d 222, 235 (1996) (admission of evidence reviewed for abuse of discretion); *see also State v. Aguilar*, 209 Ariz. 40, ¶ 29, 97 P.3d 865, 874 (2004) (reviewing admission of prior-act evidence for abuse of discretion). But "[a] court abuses its discretion if it commits legal error in reaching a discretionary conclusion." *Tritschler v. Allstate Ins. Co.*, 213 Ariz. 505, ¶ 41, 144 P.3d 519, 532 (App. 2006). Jaramillo's argument raises issues regarding interpretation of statutes and court rules, as well as constitutional issues, which are legal questions that we review de novo. *See In re Commitment of Flemming*, 212 Ariz. 306, ¶ 3, 131 P.3d 478, 479 (App. 2006) (issues regarding interpretation of SVP statutes reviewed de novo); *see also Allstate Indem. Co. v. Ridgely*, 214 Ariz. 440, ¶ 8, 153 P.3d 1069, 1071 (App. 2007) (issues regarding interpretation of court rules reviewed de novo); *Robson Ranch Mountains, L.L.C. v. Pinal County*, 203 Ariz. 120, ¶ 13, 51 P.3d 342, 347 (App. 2002) (issues regarding statutory interpretation and constitutional issues reviewed de novo).

¶6        Under Arizona's SVP statutes, a person may be civilly committed if the state proves, beyond a reasonable doubt, that the person is a sexually violent person. *See* § 36-3707(A), (B); *In re Leon G.*, 204 Ariz. 15, ¶ 28, 59 P.3d 779, 787 (2002). A sexually violent person is one who "[h]as ever been convicted of or found guilty but insane of a sexually violent offense . . ." and "[h]as a mental disorder that makes the person likely to engage in acts of sexual violence." § 36-3701(7). As our supreme court has interpreted the second part of the definition, the state must prove, beyond a reasonable doubt, that the

person has a mental disorder as defined by the statute "that predisposes the person to commit sexual acts to such a degree that he or she is dangerous to others" and that "the mental disorder makes it highly probable that the person will engage in acts of sexual violence." *Leon G.*, 204 Ariz. 15, ¶ 28, 59 P.3d at 787 (emphasis omitted). A mental disorder makes it highly probable that a person will engage in acts of sexual violence if it impairs or tends to overpower the person's ability to control his behavior. *Id.*

¶7 The legislature has provided that, in an SVP trial, "[t]he Arizona rules of evidence . . . apply" and the court "may admit evidence of past acts that would constitute a sexual offense pursuant to [A.R.S.] § 13-1420 and the Arizona rules of evidence." § 36-3704(B). Jaramillo acknowledges that, by enacting this statute, the legislature intended that prior acts be admissible but contends the rules of evidence do not permit admission of prior acts to prove a person's propensity to commit a future act. He argues that this creates a potential conflict between § 36-3704(B) and the rules of evidence and notes that, where such a conflict exists and cannot be reconciled, the statute is unconstitutional. *See Encinas v. Pompa*, 189 Ariz. 157, 159, 939 P.2d 435, 437 (App. 1997) ("[T]he legislature may enact procedural rules so long as they merely supplement, but do not contradict, existing court-made rules."). Finally, he argues that the conflict can be reconciled by interpreting § 36-3704(B) to permit introduction of prior acts only when they are admissible under Rule

5

404(c).[3]  The state, on the other hand, contends no conflict exists because the rules of evidence permit the use of relevant prior acts in this circumstance without regard to Rule 404(c).[4]

¶8          Relevant evidence is generally admissible. Ariz. R. Evid. 402.  But "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion."  Ariz. R. Evid. 404(a).  Similarly, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," although it may be admissible for some other purpose.  Ariz. R. Evid. 404(b).  Rule 404(c) provides an exception to that general rule in "criminal case[s] in which a defendant is charged with having committed a sexual offense, or . . . civil case[s] in which a claim is predicated on a party's alleged commission of a sexual offense."  In those cases, evidence of "other crimes, wrongs, or acts may be admitted by the court if relevant to show that the defendant had a character trait

---

[3]Jaramillo does not argue that the trial court must apply Rule 404(c) when admitting evidence of a prior conviction to prove the predicate-offense element of the SVP definition. Thus, he does not challenge the admission of his 1996 conviction for attempted sexual conduct with a minor.

[4]The state also contends the evidence was admissible under Rule 703, Ariz. R. Evid., which permits experts to rely on information reasonably relied upon by experts in their field even if it is not otherwise admissible.  But the trial court ruled broadly that evidence of Jaramillo's prior acts was admissible to prove the ultimate issue and only cited Rule 703 to obviate any hearsay objection.  Jaramillo raises no hearsay issue on appeal.  And, because Rule 703 permits admission of evidence the expert relies on only "for the limited purpose of disclosing the basis for the [expert's] opinion," *id.* cmt., we do not rely on Rule 703 alone to affirm the trial court's order.

giving rise to an aberrant sexual propensity to commit the offense charged." *Id.* Rule 404(c) then provides a procedure for admitting such evidence.

**¶9** Although SVP cases are civil in nature, *In re Commitment of Conn*, 207 Ariz. 257, ¶ 7, 85 P.3d 474, 476 (App. 2004), they are not "predicated on a party's alleged commission of a sexual offense." Ariz. R. Evid. 404(c). Instead, they are predicated on the person's having a prior conviction for a sexually violent offense, not an "alleged commission," and a mental disorder that makes the person likely to commit future acts of sexual violence. *See* § 36-3701(7). Thus, as Jaramillo acknowledges, Rule 404(c) by its plain language does not apply to SVP proceedings. Jaramillo nevertheless contends that the rules of evidence do not otherwise provide for the admission of other-act evidence in this context and that interpreting Rule 404(c) to apply here would "do[] no violence" to the rule and would effectuate legislative intent.

**¶10** The rules of evidence, however, do provide for the admission of relevant evidence, such as the prior acts here. *See* Ariz. R. Evid. 402. Rule 404 is designed to prevent the circumstantial use of character evidence to prove action in conformity with that character on a particular occasion. *See* Ariz. R. Evid. 404(a); *see also* Joseph M. Livermore et al., *Arizona Law of Evidence* § 404.1, at 87-88 (4th ed. 2000). But evidence of prior acts is admissible for other purposes. Ariz. R. Evid. 404(b). When the state introduces evidence of prior acts in SVP cases, it is not to show action on a particular occasion in conformity with bad character. Beyond proving a predicate conviction, the state need not prove action

7

on a particular occasion at all. Instead, the prior acts are used to help demonstrate that the person will likely engage in acts of sexual violence in the future and therefore presents a danger to the community. *See Leon G.*, 204 Ariz. 15, ¶ 28, 59 P.3d at 787.

¶11 Under Rule 405(b), Ariz. R. Evid., specific instances of conduct are admissible when a character trait "is an essential element of a charge, claim or defense." A character trait is an essential element of a charge, claim, or defense if it is "an operative fact which, under substantive law, determines the rights and liabilities of the parties." *State v. Williams*, 141 Ariz. 127, 129, 685 P.2d 764, 766 (App. 1984). The propensity to commit acts of sexual violence is an operative fact that determines the rights and liabilities of an allegedly sexually violent person and is therefore an essential element of the state's SVP case. Rule 405(b) thus permits the use of specific instances of conduct to prove such a propensity.

¶12 We are unaware of any Arizona cases expressly addressing whether prior acts may be admissible if relevant to the ultimate issues in an SVP proceeding. But, in a proceeding to terminate parental rights, this court has reached a similar result. In *In re Pima County Juvenile Action No. S-113432*, 178 Ariz. 288, 293, 872 P.2d 1240, 1245 (App. 1993), the father argued the trial court had erred in permitting testimony regarding his prior acts of violence. This court noted that evidence of prior acts would be admissible in that situation to "establish a pattern of behavior or behavioral propensity, which was particularly relevant in light of the father's contention that he had changed this pattern." *Id.* Thus, the prior acts were admissible, not to show that the father had acted violently on a particular

8

occasion, but to show his predisposition to commit violent acts as it bore on the ultimate issue of whether to terminate his parental rights. Here, similarly, the evidence of Jaramillo's prior acts was relevant to the ultimate issue that he will likely commit future acts of sexual violence.

¶13 Additionally, although neither party has provided any authority from other jurisdictions, courts in states with statutes similar to our SVP statutes have held prior acts admissible in SVP proceedings if relevant to the ultimate issue. In *Matter of Hay*, 953 P.2d 666, 677-78 (Kan. 1998), the court addressed a similar challenge under a Kansas statute similar to Rule 404(b).[5] The court noted that, like Rule 404(b), the Kansas statute was designed "to prohibit usage of a previous crime in another trial to infer the disposition to commit the crime being currently charged." *Id.* at 677. But it noted that evidence of prior criminal acts could be admissible for another purpose and held it was admissible to prove the ultimate issues in an SVP case. *Id.* at 678; *see also In re Care & Treatment of Corley*,

---

[5]The Kansas statute provides:

> Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to K.S.A. 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

Kan. Stat. Ann. § 60-455.

9

577 S.E.2d 451, 453-54 (S.C. 2003) (evidence of prior acts admissible because "a person's dangerous propensities are the focus of the SVP Act"); *In re Commitment of Franklin*, 677 N.W.2d 276, ¶ 14 (Wis. 2004) (statute similar to Rule 404(b) did not apply in SVP proceedings because prior acts not used to prove conduct on past occasion).

¶14 Here, the state had to prove that Jaramillo had been convicted or found guilty but insane of a predicate offense and that he suffers from a mental disorder that makes it likely he will engage in future acts of sexual violence. *See* § 36-3701(7). The prior acts discussed in Dr. Fisher's testimony were relevant to the issues of Jaramillo's mental disorder and his likelihood of committing future acts of sexual violence. They were thus directly relevant to the ultimate issue. *See Hay*, 953 P.2d at 677; *cf. Martin v. Reinstein*, 195 Ariz. 293, ¶ 73, 987 P.2d 779, 801 (App. 1999) (prior convictions relevant to propensity to commit future acts). And, because the prior acts were not used to prove Jaramillo's conduct on a particular occasion, Rule 404(a) and (b) did not affect their admissibility.

¶15 Jaramillo contends that Arizona's Rule 404 differs from other states' versions of the rule because it prohibits the use of character evidence to prove "action" in conformity with character, Ariz. R. Evid. 404(a), (b), while other states' versions of the rule prohibit using character evidence to show that a person "acted" in conformity with character. *See, e.g.*, Wis. Stat. § 904.04; *see also* Kan. Stat. Ann. § 60-455 (prior-act evidence inadmissible to show "disposition to commit crime or civil wrong as the basis for an inference that the person *committed* another crime or civil wrong on another specified occasion") (emphasis

10

added).  Jaramillo argues that, because Arizona's rule is not phrased in the past tense, it could apply to the use of character evidence to prove future conduct.

¶16     Rule 404's history defeats Jaramillo's argument.  Until 1988, Rule 404(a) provided: "Evidence of a person's character or trait of his character is not admissible for the purpose of proving *that he acted* in conformity therewith on a particular occasion."  157 Ariz. XXXIX (emphasis added).  Similarly, Rule 404(b) provided:  "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show *that he acted* in conformity therewith."  157 Ariz. XXXIX (emphasis added).  Our supreme court changed "that he acted" to "action" (and also eliminated "his" in Rule 404(a)) in 1988 as part of an order eliminating gender references in the rules of evidence.  *See* 157 Ariz. XXXVIII-XLVIII.  Nothing in that order suggests the court intended to change the substance of any of the rules it amended.

¶17     Moreover, even if Jaramillo were correct that Arizona's Rule 404 prohibits the use of prior acts to prove future action in conformity with character, it would not change our analysis.  Arizona's Rule 404, as phrased both now and prior to the 1988 amendment, prohibits the admission of evidence of other acts to prove specific conduct in conformity with character.  In SVP proceedings, as discussed above, evidence of prior acts is not used to prove specific conduct in conformity with character, but rather to show the existence of a  mental disorder that makes the person likely to commit future acts of sexual violence.  Accordingly, Rule 404 does not prohibit evidence of prior acts to prove that issue.  Instead,

11

if relevant, the evidence is admissible, unless otherwise prohibited. *See* Ariz. R. Evid. 402, 405(b). Thus, because the evidence was admissible, we reject Jaramillo's assertion that the trial court erred by refusing to apply the strictures of Rule 404(c).[6]

## Rule 403 Analysis

¶18 Jaramillo contends the trial court failed to conduct an analysis under Rule 403, Ariz. R. Evid., and thus argues this case must be remanded for a Rule 403 analysis. That rule provides, in pertinent part, that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Jaramillo cited Rule 403 in his motion in limine and argued to the trial court that the evidence was unduly prejudicial because of the age of the prior acts. In holding the evidence admissible, the trial court discussed the relevance of the evidence and said the age of the acts would go to the weight of the evidence. Although the court made no express finding that the danger of undue prejudice did not substantially outweigh the probative value of the evidence, the record sufficiently demonstrates that "the necessary factors were argued, considered, and balanced by the trial court as part of its ruling." *State v. Beasley*, 205 Ariz. 334, ¶ 15, 70 P.3d 463, 466 (App. 2003). And, to the extent Jaramillo argues the trial court erred by failing to make express findings, he waived that issue by failing to request findings below. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300-01, 878 P.2d 657, 658-59 (1994) (trial

---

[6]Because the evidence is admissible under the rules of evidence, and because § 36-3704(B) expressly permits the introduction of prior-act evidence under the rules of evidence, we need not decide whether § 36-3704(B) potentially conflicts with the rules of evidence.

court's failure to make findings of fact and conclusions of law waived for failure to raise issue in trial court even where case law required such findings). The trial court did not abuse its discretion in admitting the evidence.[7]

## Conclusion

¶19       For the foregoing reasons, we affirm.


_____
JOSEPH W. HOWARD, Presiding Judge


CONCURRING:


_____
JOHN PELANDER, Chief Judge


_____
J. WILLIAM BRAMMER, JR., Judge


---

[7]Citing *Leon G.*, Jaramillo also argues that applying Rule 404(c) is consistent with the substantive due process requirement that Arizona's SVP statutes "must impose proper procedures and evidentiary standards." *Leon G.*, 204 Ariz. 15, ¶ 8, 59 P.3d at 783. But Jaramillo waived any substantive due process issue by failing to raise it below. *See Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, ¶ 15, 99 P.3d 1030, 1035 (App. 2004) (arguments not adequately presented in trial court are waived).

13