193 P.3d 798

**STATE of Arizona, Appellant,**

v.

**Felipe A. GARCIA, Appellee.**

**No. 1 CA–CR 07–0314.**

Court of Appeals of Arizona, Division 1, Department B.

July 24, 2008.

Maricopa County Attorney's Office By Arthur Hazelton, Deputy County Attorney, Phoenix, Attorneys for Appellant.

Phillips & Associates PC By Robert F. Arentz, Phoenix, Attorneys for Appellee.

## OPINION

GEMMILL, Judge.

¶ 1 The State of Arizona appeals the trial court's designation of defendant Felipe A. Garcia's conviction for disorderly conduct as a class 1 misdemeanor. The sole issue we consider in this appeal is whether the phrase "intentional or knowing," as found in Arizona Revised Statutes ("A.R.S.") section 13–702(G) (Supp. 2007),[1] applies only to "serious physical injury" or also to "the discharge, use or

---

1. We cite the current version of the statute because no amendments material to our analysis have been enacted since the offense.

threatening exhibition of a deadly weapon or dangerous instrument." Because we determine that the phrase "intentional or knowing" applies only to the former, we vacate the trial court's classification of Garcia's conviction as a class 1 misdemeanor and remand for resentencing.

## FACTS[2] AND PROCEDURAL BACKGROUND

¶ 2 On December 12, 2005, Craig S. and his passenger Heather C. were driving eastbound on McDowell Road when a vehicle driven by Garcia pulled onto McDowell directly in front of their vehicle, causing Craig S. to "slam on the brakes." Craig S. and Heather C. reacted by screaming and honking the horn. Both vehicles came to a stop at the intersection of McDowell and 35th Avenue, with the vehicle driven by Craig S. in the left turn lane and the vehicle driven by Garcia in the far right lane. Heather C. testified that Garcia then displayed a gun. Garcia claimed that he did not display a gun, but rather a "computer device." Garcia then turned right onto 35th Avenue.

¶ 3 In March 2006, Garcia was indicted on two counts of aggravated assault, both class 3 dangerous felonies. In February 2007, a jury found Garcia not guilty on both counts of aggravated assault but found him guilty of the lesser included offense of disorderly conduct regarding Heather C. The lesser offense requires a culpable mental state of acting recklessly, rather than intentionally or knowingly, in the handling, displaying, or discharging of a deadly weapon or dangerous instrument:

A. A person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person:

. . . .

6. Recklessly handles, displays or discharges a deadly weapon or dangerous instrument.

A.R.S. § 13-2904(A)(6) (2001).[3]

¶ 4 Because Garcia was convicted under § 13-2904(A)(6), he is guilty of a class 6 felony. A.R.S. § 13-2904(B) ("Disorderly conduct under subsection A, paragraph 6 is a class 6 felony. Disorderly conduct under subsection A, paragraph 1, 2, 3, 4 or 5 is a class 1 misdemeanor."). Our legislature, however, has granted trial judges the discretion under certain circumstances to designate class 6 felony convictions as class 1 misdemeanors. A.R.S. § 13-702(G). But the legislature expressly excluded any class 6 felony from eligibility for designation as a misdemeanor if the offense was one "involving the intentional or knowing infliction of serious physical injury or the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument." A.R.S. § 13-702(G).

¶ 5 At the sentencing hearing, both parties presented arguments to the trial court concerning the meaning of A.R.S. § 13-702(G). The trial court concluded that "intentional or knowing" applied to "the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument" in § 13-702(G). Because Garcia had been convicted of acting recklessly—but not intentionally or knowingly—the court concluded that Garcia's conviction was eligible for misdemeanor designation. The court designated the offense as a class 1 misdemeanor, and placed Garcia on supervised probation for the period of one year. The State appeals. We have jurisdiction according to Arizona Constitution Article 6, Section 9, and A.R.S. §§ 12-120.21(A)(1) (2003), 13-4032(5) (2001).

## ANALYSIS

¶ 6 We are presented with a question of statutory interpretation that we review de novo. *State v. Ontiveros*, 206 Ariz. 539, 541, ¶ 8, 81 P.3d 330, 332 (App.2003).

---

**2.** We view the facts in a light most favorable to sustaining the jury's verdict. *State v. Long*, 207 Ariz. 140, 142, ¶ 2, 83 P.3d 618, 620 (App.2004).

**3.** In this appeal, Garcia has not contested whether *recklessly* handling or displaying a deadly

weapon or dangerous instrument under § 13-2904(A)(6) is the equivalent of the "use or threatening exhibition" of a deadly weapon or dangerous instrument as contained in § 13-702(G).

106

Our goal in interpreting statutes is to ascertain and give effect to the intent of our legislature. *Maycock v. Asilomar Dev., Inc.*, 207 Ariz. 495, 500, ¶ 24, 88 P.3d 565, 570 (App.2004). We first look at the plain language of the statute as the best and most reliable indicator of the statute's meaning. *State v. Moore*, 218 Ariz. 534, 535, ¶ 5, 189 P.3d 1107, 1108 (App.2008). We will assume that the legislature has given words their natural and obvious meanings unless otherwise stated. A.R.S. § 1–213 (2002).

¶ 7 Resolution of this appeal requires interpretation of A.R.S. § 13–702(G):

> G. Notwithstanding any other provision of this title, if a person is convicted of any class 6 felony *not involving the intentional or knowing infliction of serious physical injury or the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument* and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly . . . .

(Emphasis added.)

¶ 8 The State argues that A.R.S. § 13–702(G) excludes from eligibility for misdemeanor designation two distinct categories of offenses: (1) those involving the "intentional or knowing infliction of serious physical injury," and (2) those involving "the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument." Garcia argues that the words "intentional or knowing" apply to the entire phrase "infliction of serious physical injury or the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument."

¶ 9 The words "intentional or knowing" unquestionably modify "infliction of serious physical injury." But do the words "intentional or knowing" also apply to "the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument"? For the following reasons, we conclude that the legislature did not intend the words "intentional or knowing" to modify "the dis-

charge, use or threatening exhibition of a deadly weapon or dangerous instrument."

¶ 10 The word "or" is a conjunction that is "used to link alternatives." THE NEW OXFORD AMERICAN DICTIONARY 1196 (2d ed. 2005). In this statutory passage, "or" is used to link, disjunctively, two categories of felonies not eligible for misdemeanor designation: "*the* intentional or knowing infliction of serious physical injury" "or" "*the* discharge, use or threatening exhibition of a deadly weapon or dangerous instrument." (Emphasis added.) The sentence structure used to describe and link these phrases supports the conclusion that "intentional or knowing" modifies only "infliction of serious physical injury." Both categories of ineligible felonies are introduced by the word "the." Accordingly, this portion of the statutory language follows the form of "the [injury-type felony] or the [weapon-type felony]." Because (1) the disjunctive "or" links the two alternatives, (2) the word "the" introduces each alternative, and (3) the words "intentional or knowing" are part of the first alternative but not part of the second, we conclude that "intentional or knowing" does not modify "the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument."

¶ 11 Furthermore, if we were to adopt the interpretation Garcia advances, then the legislature's use of the word "the" prior to the phrase beginning with "discharge" would be inappropriate and awkward. If "intentional or knowing" was intended to modify both felony categories, the first felony category could be removed from the sentence and it should then read "the intentional or knowing . . . discharge, use or threatening exhibition of a deadly weapon or dangerous instrument." In fact, however, if the first category is eliminated from the sentence, the following awkward wording remains: "the intentional or knowing . . . *the* discharge, use or threatening exhibition of a deadly weapon or dangerous instrument." (Emphasis added.) This second use of the word "the" renders Garcia's preferred interpretation very unlikely in our view.

¶ 12 We also note that the legislature could easily have used language that would clearly have required that the "discharge, use or threatening exhibition of a deadly weapon or dangerous instrument" be committed intentionally or knowingly. For example, the words "intentional or knowing" could have been repeated in the pertinent portion of A.R.S. § 13–702(G), as follows:

G. Notwithstanding any other provision of this title, if a person is convicted of any class 6 felony not involving the intentional or knowing infliction of serious physical injury or the *intentional or knowing* discharge, use or threatening exhibition of a deadly weapon or dangerous instrument and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly....

(Italicized words added for illustrative purposes.) That the legislature did not craft the statute in this manner supports the conclusion that "intentional or knowing" modifies "infliction of serious physical injury" but not "discharge, use or threatening exhibition."

¶ 13 For these reasons, we interpret the phrase "involving the intentional or knowing infliction of serious physical injury or the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument" to mean that two categories of class 6 felonies are ineligible under A.R.S. § 13–702(G) for misdemeanor designation: (1) those that involve "the intentional or knowing infliction of serious physical injury" and (2) those that involve "the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument" regardless of whether committed intentionally or knowingly.

¶ 14 Our conclusion is further bolstered by the holdings of prior opinions involving similar statutory language. In *State v. Tamplin,* 146 Ariz. 377, 380, 706 P.2d 389, 392 (App. 1984), we interpreted the following similar language found in a different statute: "A person who ... stands convicted of a class 4, 5 or 6 felony *involving the intentional or knowing infliction of serious physical injury or the use or exhibition of a deadly weapon or dangerous instrument* without having previously been convicted of any felony shall be sentenced to imprisonment...." A.R.S. § 13–604(F) (Supp.1985) (emphasis added). The *Tamplin* court reached the same conclusion we reach today, that "intentional or knowing" does not apply to the phrase "the use or exhibition of a deadly weapon or dangerous instrument":

It is clear to us that the legislature specifically meant to require that the infliction of serious physical injury had to be done intentionally or knowingly, but for the use of a dangerous instrument these mental states were not required. This makes sense because of the difference between causing serious physical injury and using a dangerous instrument. The legislature has determined that one who uses a dangerous instrument is more culpable than one who causes injury without intention or knowledge.

146 Ariz. at 380, 706 P.2d at 392; *see also State v. Venegas,* 137 Ariz. 171, 175, 669 P.2d 604, 608 (App.1983) (holding that, in the context of sentencing enhancement, "intentional or knowing" does not apply to "the use or exhibition of a deadly weapon or dangerous instrument"); *State v. Garcia,* 165 Ariz. 547, 552–53, 799 P.2d 888, 893–94 (App.1990) (citing *Venegas* and rejecting a similar argument).

¶ 15 Finally, our study of other statutory provisions that contain the same or similar language that we interpret today reveals that our legislature consistently splits this overarching phrase into two distinct phrases. That is, the phrase often appears as "the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument" and "the intentional or knowing infliction of serious physical injury." Within each use, "intentional or knowing" always accompanies "infliction of serious physical injury." *See, e.g.,* A.R.S. § 8–321(R) (2007) ("For the purposes of this section, 'violent' means an offense involving the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or the intentional or knowing inflic-

tion of serious physical injury on another person....."); A.R.S. § 8–341(B)(4) (Supp. 2007) ("The offense for which the juvenile is placed on probation does not involve the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury on another."); A.R.S. § 8–350(D) (2007) ("For the purposes of this section, 'dangerous offense' means an offense involving the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury on another person."); A.R.S. § 13–702(A) (Supp. 2007) ("Sentences provided in § 13–701 for a first conviction of a felony, except those felonies involving the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury upon another or if a specific sentence is otherwise provided, may be increased or reduced by the court within the ranges set by this subsection."); A.R.S. § 13–1423(A) (Supp. 2007) ("A person is guilty of violent sexual assault if in the course of committing an offense under § 13–1404, 13–1405, 13–1406 or 13–1410 the offense involved the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or involved the intentional or knowing infliction of serious physical injury...."); A.R.S. § 13–3422(D)(3) (2001) ("A defendant is not eligible for entry into the drug court program pursuant to subsections F and H of this section if any of the following applies: ... The defendant has been convicted of an offense involving the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury."). Our holding that the legislature did not intend "intentional or

knowing" to modify "the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument" in A.R.S. § 13–702(G) is consistent with these various statutory uses of these similar phrases.[4]

¶ 16 Because Garcia was convicted of an offense involving "the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument," his conviction is not eligible for misdemeanor designation.

## CONCLUSION

¶ 17 For these reasons, we reverse the trial court's entry of judgment of conviction for a class 1 misdemeanor. We remand for entry of judgment of conviction of a class 6 felony and for resentencing in accordance with that designation.

CONCURRING: DONN KESSLER, Presiding Judge, and PHILIP HALL, Judge.

4. Garcia also urges this court to adopt an interpretation of § 13–702(G) based upon § 13–604(F) (Supp. 2007). He argues that because § 13–604(F) and § 13–702(G) contain similar language, and because § 13–604(F) requires a jury finding of dangerousness, we should interpret § 13–702(G) to preclude from misdemeanor designation only those class 6 felonies where there has been a jury determination of dangerousness under § 13–604(F). This argument overlooks the plain language of § 13–702(G), which begins with "Notwithstanding any other provision of this title...." Such language indicates that our legislature did not intend for the applicability of § 13–702(G) to depend upon any other statutory provision, including § 13–604(F). Additionally, § 13–702(G) acts as a sentence-reducing statute rather than an enhancing statute. Thus, a jury determination is not required.