IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

MAY 23 2012

COURT OF APPEALS
DIVISION TWO

|  |  |
|---|---|
| IN RE THE COMMITMENT OF WILFREDO JARAMILLO | ) ) ) ) ) ) ) ) | 2 CA-MH 2011-0011-SP DEPARTMENT B <br><br> O P I N I O N |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. A20060008

Honorable Richard S. Fields, Judge

AFFIRMED

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                                        Tucson
                                                          Attorneys for Appellee


Barton & Storts, P.C.
  By Brick P. Storts III                                                   Tucson
                                                          Attorneys for Appellant


Thomas C. Horne, Arizona Attorney General
  By Aubrey Joy Corcoran                                                  Phoenix
                                                   Attorneys for Arizona State
                                              Hospital/Arizona Community
                                           Protection and Treatment Center


E S P I N O S A, Judge.

¶1        In 2007, Wilfredo Jaramillo was found to be a sexually violent person and

was committed to the Arizona Community Protection and Treatment Center (ACPTC)

pursuant to Arizona's Sexually Violent Persons Act (SVPA). *In re Commitment of Jaramillo*, 217 Ariz. 460, ¶ 1, 176 P.3d 28, 29 (App. 2008); *see also* A.R.S. §§ 36-3701 through 36-3717 (SVPA). We affirmed his commitment on appeal. *In re Jaramillo*, 217 Ariz. 460, ¶ 1, 176 P.3d at 29. Jaramillo has remained in ACPTC's custody to date, but was transferred from full confinement to the less-restrictive-alternative program at ACPTC in 2010.

¶2　　　　In 2011, following the state's filing of its annual report pursuant to § 36-3708, Jaramillo petitioned for absolute discharge, filing a notice requesting a trial pursuant to § 36-3714(B) and requesting an independent evaluation pursuant to § 36-3708(B). The trial court appointed clinical psychologist Dr. Jerry Day and, after his examination, Jaramillo filed a second request for trial, asking to be discharged or, alternatively, for his less-restrictive alternative "conditions [to] be modified to be compatible with those that have been recommended by Dr. Day." Jaramillo noted in that petition that Day had been critical of ACPTC's treatment plan, and requested that ACPTC's "evaluators be in attendance to explain" his "treatment circumstances."

¶3　　　　At an August 2011 hearing, Day testified that Jaramillo's mental condition had not changed and that he was highly likely to reoffend. He also stated, consistent with ACPTC reports, that Jaramillo had made little to no progress in his treatment. He opined that Jaramillo's "profound delusion system" prevented the treatment currently provided from being effective and recommended that ACPTC provide treatment for Jaramillo's delusions in addition to the treatment it was already providing. Jaramillo had not subpoenaed any ACPTC personnel and none attended the hearing.

¶4        The trial court found that Jaramillo's "status as an SVP continues and that release of any sort at this point in time is contraindicated." Jaramillo requested that the court order ACPTC to follow a course of treatment consistent with Day's recommendations. The court took that request under advisement, and later issued a minute entry stating it would make no such ruling "unless and until ACPTC has had appropriate due process: notice and an opportunity to be heard." It instructed Jaramillo "to contact ACPTC through counsel . . . and determine if further proceedings are necessary and/or appropriate."

¶5        Jaramillo then filed a request for a "supplemental trial date" again requesting that he be discharged or that his "conditions be modified to be compatible with those that have been recommended by Dr. Day." ACPTC responded to that request, asserting the trial court had no authority to order it to implement a specific course of treatment, a request to change conditions of treatment could not be addressed as part of an annual review hearing because ACPTC was not a party to that proceeding, and Jaramillo's motion was "premature" because he had not given ACPTC "an opportunity to consider the merits of Dr. Day's opinion." The court then issued a signed order stating further proceedings were "unnecessary"; finding Day's reports and recommendations had been provided to ACPTC, which "understands its duty to appropriately render treatment" to Jaramillo; and finding Jaramillo's "status as a sexually violent person continues."

¶6        On appeal, Jaramillo asserts he has a substantive due process right "to treatment designed to effect his release from commitment." And he contends § 36-3704(E) "gives the trial court the authority to find that the course of treatment being

provided . . . has no basis in fact or law, in that it has been proven ineffective, and maintaining that course of treatment does not further the objectives of the SVP act." Thus, he concludes, the trial court "may order ACPTC personnel to adopt any given method of treatment offered as a viable alternative treatment program . . . that is found by the court to be in [his] best interest." He asks us to "hold that the trial court does have the authority to order a specialized treatment plan for an SVP" and direct the trial court to order ACPTC "to adopt and apply the individualized treatment program suggested by Dr. Day."

**¶7** We will affirm a trial court's order for involuntary treatment if it is supported by substantial evidence. *In re MH 2008-001188*, 221 Ariz. 117, ¶ 14, 211 P.3d 1161, 1163 (App. 2009). "We view the facts in the light most favorable to sustaining the trial court's judgment and will not set aside the related findings unless they are clearly erroneous." *Id.* To the extent Jaramillo's appeal presents a question of statutory interpretation, we review it *de novo*. *See In re Commitment of Flemming*, 212 Ariz. 306, ¶ 3, 131 P.3d 478, 479 (App. 2006). Where the plain language of the statute is clear, we will not look beyond that language to understand the statute's meaning. *See State v. Garcia*, 219 Ariz. 104, ¶ 6, 193 P.3d 798, 800 (App. 2008).

**¶8** We first observe that Jaramillo made no claim below based on substantive due process and therefore has waived that argument on appeal. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, ¶ 13, 13 P.3d 763, 768 (App. 2000) ("[W]e generally do not consider issues, even constitutional issues, raised for the first time on appeal."). And, even assuming, without deciding, that Jaramillo has a substantive due process right to

4

effective treatment, we find nothing in the SVPA that gives the trial court authority to mandate a particular treatment plan in these circumstances.[1]

¶9 Pursuant to the SVPA, upon finding that an individual is a sexually violent person, a trial court may commit that person into custody for treatment, care, or supervision, or it may in certain circumstances place the individual in a less-restrictive alternative to custody. § 36-3707(B). Once either has occurred, that person may petition the court annually for conditional release to a less-restrictive alternative or for discharge. §§ 36-3709, 36-3714. Nothing in the statutes governing those procedures, however, expressly gives a trial court authority to prescribe a specific treatment plan.

¶10 To the extent Jaramillo suggests that § 36-3704(E) provides that authority, we disagree. That subsection states:

> At any hearing concerning conditions of detention, commitment or treatment at a licensed facility under the supervision of the superintendent of the Arizona state hospital, a person who is detained or committed pursuant to this article shall show that the procedures or actions of the licensed facility have no reasonable basis in fact or law.

§ 36-3704(E). But the SVPA does not provide for hearings beyond those described above—to determine whether the person should be committed for treatment, care, or

---

[1]When a trial court determines a person may be placed in a less-restrictive alternative, it must "impose any conditions on the person that the court determines are necessary to ensure the safety of the community." § 36-3710(D). Those conditions may include those "the court or the superintendent of the state hospital determines are in the best interest of the person or others." § 36-3710(D)(6). To the degree such additional conditions could include a particular treatment plan, this provision would not apply to Jaramillo because he was not placed in a less-restrictive alternative to his current placement. Moreover, Jaramillo does not argue on appeal that § 36-3710(D)(6) provides the court authority to mandate a particular treatment plan.

5

supervision; whether that person should be placed in a less-restrictive alternative; or whether that person should be discharged. And nothing in § 36-3704(E) gives the trial court authority to fashion relief—that subsection only describes the burden a detained person must meet at any hearing where the "conditions of detention, commitment or treatment" are at issue. Moreover, although § 36-3704(D) continues a trial court's jurisdiction over a committed person "until the person is discharged by the court," Jaramillo cites no authority, and we find none, suggesting that subsection gives a trial court authority not otherwise contemplated by the SVPA.

¶11 We reject Jaramillo's claim that § 36-3704(E) is "meaningless . . . without the [trial] court having the authority to fashion an appropriate remedy" should a person meet the burden described in that statute. He relies on the canon of statutory construction that a court must avoid an interpretation of a statute that renders it meaningless. *See Ariz. Dep't of Revenue v. Action Marine, Inc.*, 218 Ariz. 141, ¶ 10, 181 P.3d 188, 190 (2008) (advising against interpretations that render statutory words or phrases "meaningless, unnecessary, or duplicative"). But that principle does not permit us to graft a remedy onto a statute when its plain language contains no such remedy. *See In re Estate of Gordon*, 207 Ariz. 401, ¶ 19, 87 P.3d 89, 93 (App. 2004).

¶12 Further, Jaramillo's argument presupposes that the burden in § 36-3704(E) applies only to hearings occurring pursuant to the SVPA and that the Act provides his only avenue for relief. Nothing in § 36-3704(E), however, narrows its scope to the hearings enumerated in the SVPA; instead, it applies to "any hearing concerning conditions of detention, commitment or treatment at a licensed facility under the

6

supervision of the superintendent of the Arizona state hospital." Nor does our interpretation foreclose relief if Jaramillo's underlying claim is meritorious. At its core, his claim is that the ACPTC has failed to perform its duty to provide adequate treatment. A person may, via special action, bring a claim that a government official has failed to fulfill a duty required by law. *See* Ariz. R. P. Spec. Actions 3(a), (c); *Blake v. Schwartz*, 202 Ariz. 120, n.6, 42 P.3d 6, 13 n.6 (App. 2002) (mandamus action used to compel public official to perform duty; mandamus now "replaced with special actions").

¶13        For the reasons stated, we conclude that, in these circumstances, the trial court had no authority under the SVPA to order ACPTC to implement a specific treatment plan and the court therefore did not err in rejecting Jaramillo's request that it do so. Accordingly, the trial court's order is affirmed.


/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge


CONCURRING:


/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge


/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge


7