4 P.3d 994

In re LUIS A., In re Thomas B., In re Manuel C., In re Hector B., and In re Jared D., Petitioners,

v.

The Honorable Jane BAYHAM–LESSE-LYONG, The Honorable George H. Foster, The Honorable Margaret H. Downie, and The Honorable Eileen S. Willett, Commissioners of the Superior Court of the State of Arizona, In and For the COUNTY OF MARICOPA, Respondent Commissioners,

State of Arizona, Real Party in Interest.

Nos. 1 CA–SA 99–0243, 1 CA–SA 99–0246, 1 CA–SA 99–0247, 1 CA–SA 99–0255, 1 CA–SA 99–0256.

Court of Appeals of Arizona, Division 1, Department D.

March 7, 2000.

Dean W. Trebesch, Maricopa Public Defender by Suzanne M. Harward, Deputy Public Defender, Phoenix, for Petitioner Thomas B.

Dean W. Trebesch, Maricopa Public Defender by Frank A. Johnson, Deputy Public Defender, Phoenix, for Petitioner Manuel C.

Dean W. Trebesch, Maricopa Public Defender by Suzanne Weschler Sanchez, Deputy Public Defender, Phoenix, for Petitioner Hector B.

Dean W. Trebesch, Maricopa Public Defender by Terri Zimmerman, Deputy Public Defender, Phoenix, for Petitioner Jared D.

Richard M. Romley, Maricopa County Attorney by Gerald Grant, Deputy County Attorney, Rene Williams, Deputy County Attorney, Susie Charbel, Deputy County Attorney, Jason Gellman, Deputy County Attorney, Phoenix, for Real Party in Interest.

## OPINION

LANKFORD, Judge.

¶ 1 In this consolidated special action, petitioners challenge the juvenile court's failure to dismiss delinquency proceedings. Petitioners advance two contentions. First, they argue that the traffic citations used to commence their proceedings were defective because the citations failed to comport with the content requirements for delinquency petitions. Second, they contend that the State denied their right to speedy justice. On December 20, 1999, we heard oral argument and issued an order accepting jurisdiction, granting relief in part, and indicating that an opinion would follow. This is that opinion.

¶ 2 This Court has jurisdiction to hear special actions and grant relief. *See* Ariz. Rev. Stat. Ann. ("A.R.S.") § 12–120.21(A)(4) (1992); Ariz. R.P. Spec. Act. 1, 4. Special action jurisdiction is appropriate if a case raises issues of first impression or involves purely legal questions, questions of public importance, or issues that are likely to

Dean W. Trebesch, Maricopa Public Defender by David Katz, Deputy Public Defender, Phoenix, for Petitioner Luis A.

arise again. *See Andrade v. Superior Court*, 183 Ariz. 113, 115, 901 P.2d 461, 463 (App. 1995). Special action jurisdiction is proper when the party has no plain, adequate or speedy remedy by appeal, and justice cannot be obtained by other means. *See Nataros v. Superior Court*, 113 Ariz. 498, 499, 557 P.2d 1055, 1056 (1976).

¶ 3 This case raises issues appropriate for disposition in a special action. Each of these special actions presents an issue of speedy justice, which justifies a speedy remedy by special action. Petitioners also raise purely legal questions, and, as this consolidated special action demonstrates, present issues likely to recur and to affect many persons. Accordingly, we accept jurisdiction. *See J.D.S. v. Franks*, 182 Ariz. 81, 84, 893 P.2d 732, 735 (1995) (accepting special action jurisdiction in cases involving juveniles when appeal may involve unconscionable delay); *Soto v. Superior Court*, 190 Ariz. 450, 451, 949 P.2d 539, 540 (App.1997) (accepting jurisdiction in a case of first impression presenting purely legal issues likely to recur and to affect many juveniles); *Humble v. Superior Court*, 179 Ariz. 409, 411, 880 P.2d 629, 631 (App.1993) (accepting jurisdiction of speedy trial issues in driving under the influence (DUI) cases in which the trial court abused its discretion in re fusing to dismiss charges with prejudice when the state has not exercised due diligence).

¶ 4 The facts in each of the underlying cases are substantially the same. In *In re Luis A.*, petitioner received a traffic citation on July 28, 1999, directing him to appear in municipal court. On August 6, 1999, petitioner appeared and the municipal court transferred the criminal charges to the juvenile court. The juvenile court, however, did not file the traffic citation until September 15, 1999.[1] The juvenile court held an advisory hearing on October 4, 1999.

¶ 5 In *In re Thomas B.*, petitioner received a traffic citation on May 31, 1999, directing him to appear in municipal court. On June 10, 1999, petitioner failed to appear and on that same day, the municipal court transferred the criminal charge to the juvenile court. The juvenile court did not file the traffic citation until July 28, 1999, and held an advisory hearing on August 26, 1999.

¶ 6 In *In re Manuel C.*, petitioner received the traffic citation on August 18, 1999, directing him to appear in municipal court. On August 27, 1999, petitioner failed to appear and on that day, the municipal court transferred the criminal charges to the juvenile court. The juvenile court filed the traffic citation on September 9, 1999, and held an advisory hearing on October 4, 1999.

¶ 7 In *In re Hector B.*, petitioner received the traffic citation on July 31, 1999, directing him to appear in municipal court. On August 10, 1999, petitioner appeared and requested a trial, which was scheduled for August 30, 1999. On his trial date, petitioner failed to appear and the municipal court transferred the criminal charges to the juvenile court. The juvenile court filed the traffic citation on September 9, 1999, and held an advisory hearing on October 4, 1999.

¶ 8 In *In re Jared D.*, petitioner received the traffic citation on March 12, 1999, directing him to appear in municipal court. On March 30, 1999, petitioner appeared and the municipal court transferred the criminal charge to the juvenile court. The juvenile court filed the traffic citation on June 14, 1999, and set an initial advisory hearing date of July 9, 1999. The juvenile court reset the date for August 5, 1999, after petitioner requested a delay because he was out of state with his family until July 30, 1999. The advisory hearing was held on August 5, 1999.

¶ 9 The first issue presented is whether the traffic citations had to comply with the requirements for delinquency petitions. Rule 4 of the Arizona Rules of Procedure for Juvenile Court (the "Rules") requires that petitions "set forth plainly:"

1. The facts, in concise language with reasonable particularity as the time, date, place and manner of the alleged acts of the juvenile and the law or standard of conduct allegedly violated by such acts, which bring the juvenile within the jurisdiction of the court.

---

1. In all of the cases, this delay is unexplained.

2. The name, age, gender and residence address, if any, of the juvenile named in the petition.

3. The names and residence addresses, if known, of the parents, guardian or custodian of the juvenile or of the juvenile's spouse, if any.

4. If the juvenile is in custody, the place of detention and the date and time the juvenile was taken into custody.

Ariz. R.P. Juv. Ct. 4(A)(1)-(4). Traffic citations may substitute for petitions in certain non-felony cases. *See* A.R.S. § 8–301(1) (Supp.1999).[2] Rule 11 confirms that referrals for non-felony offenses "may be made by the filing of an Arizona Traffic Ticket and Complaint in lieu of a petition." Ariz. R.P. Juv. Ct. 11.

¶ 10 Traffic citations have their own content requirements. The citations must "state[ ], at a minimum, the name and address of the juvenile, the offense charged and the time and place the juvenile shall appear in court." A.R.S. § 8–323(C) (Supp.1999); *see also* Ariz. R.P. Traf. Cases & Boat. Cases 3, App. A (prescribing form for traffic citations). These content requirements for traffic citations are less stringent than those for petitions, but with justification. Traffic citations may be used only for less serious non-felony offenses, and accordingly, less formality is appropriate. *See* A.R.S. § 8–323(B), (C) (Supp.1999); Ariz. R.P. Juv. Ct. 11.

■ ¶ 11 We find nothing in Rule 4—the rule governing petitions—that subjects traffic citations to the same requirements as petitions. Applying Rule 4 to traffic citations would be impractical. For instance, Rule 4 requires that petitions be under oath and have a specified caption. Even petitioners do not contend that the traffic citations must comply with these requirements. Moreover, imposing Rule 4's requirements would conflict with another rule, *see* Ariz. R.P. Traf. Cases & Boat. Cases 3, App. A, that prescribes the content of traffic citations. We conclude that traffic citations used to com-

mence juvenile proceedings need not conform to the requirements for petitions. Consequently, we deny any relief to petitioners on this issue.

¶ 12 The second issue is whether petitioners' right to speedy justice was violated. Petitioners contend that, when a citation is used in lieu of a petition, a juvenile court's advisory hearing held more than thirty days after the date when the traffic citation is issued violates Rule 6.1(C)(2). They further contend that, even if the municipal court appearances constituted timely advisory hearings, no adjudication hearing was held within the time limit.

¶ 13 The speedy justice rule for proceedings commenced by petitions is relatively clear. Rule 6.1(C)(2) provides that "the advisory hearing for a juvenile who is released shall take place no later than thirty (30) days after the date the petition is filed." Rule 6.1(D)(2) requires that the adjudication hearing occur within sixty days of the advisory hearing. Consequently, the time period begins when the petition is filed. The Rules do not expressly indicate when the time period begins for juvenile proceedings commenced by traffic citations.

¶ 14 Despite the silence of the rule, we must determine when the speedy justice time period starts for cases that begin with traffic citations instead of petitions. We first consider the effect of filing a petition. By statute, the filing of a petition commences juvenile proceedings. *See* A.R.S. § 8–301(2). The obvious intent of the speedy justice rule, which uses the filing date to calculate speedy justice time, is that the time period begins with the commencement of a juvenile proceeding. But what starts the time when a traffic citation is filed in municipal court, charges are transferred to juvenile court, and the citation is refiled in juvenile court?

¶ 15 We are guided by the principle that the time should run from commencement of the proceeding. According to A.R.S. section

**2.** The statute provides:

A proceeding under this chapter may be commenced by one of the following procedures:
1. By transfer of a case from another court as provided in § 8–302.

2. By the filing of a petition by the county attorney.
3. For an offense other than a felony, by the referral of a uniform Arizona traffic ticket and complaint form.

8–301, juvenile proceedings may be commenced in three ways. The first method is "[b]y transfer of a case from another court as provided in § 8–302." A.R.S. § 8–301(1). At first blush, subsection 1 appears to be implicated here: The municipal courts transferred charges to juvenile court. On closer examination, however, this is not the case.

¶ 16 Subsection 1 refers only to section 302 mandatory transfers. A court must transfer a case to juvenile court if the court determines during a pending criminal proceeding that the defendant is a juvenile not subject to adult prosecution. *See* A.R.S. § 8–302(A) (1999). Alternatively, a court must transfer a case if the prosecutor moves for transfer to juvenile court even though the juvenile may be prosecuted as an adult. *See* A.R.S. § 8–302(B). In short, subsection 1 provides that a transfer commences the juvenile proceeding only when it is a mandatory transfer.

¶ 17 The cases transferred to juvenile court in this special action were not subject to a mandatory transfer pursuant to A.R.S. section 8–302. The juveniles were neither being prosecuted as adults nor charged with offenses that subjected them to prosecution as adults. *See* A.R.S. § 13–501 (Supp.1999). Moreover, by order of the presiding juvenile judge, the municipal court judges could have heard the charges against the juveniles as juvenile hearing officers. The juveniles would have been processed under the Juvenile Hearing Officer Guidelines promulgated by the juvenile court and the charges against them decided without a transfer. The juvenile proceedings in this special action were not mandatory transfers under section 8–302. According to subsection 1, then, these proceedings were not commenced by transfer.

¶ 18 The second of the three methods of commencing a juvenile proceeding is "[b]y the filing of a petition by the county attorney." A.R.S. § 8–301(2). In the proceedings involved here, no petitions were filed. Thus, the second method to commence a juvenile proceeding did not occur here.

¶ 19 The third and final way in which a juvenile proceeding is commenced is "[b]y the referral of a uniform Arizona traffic ticket and complaint form" for a non-felony offense. A.R.S. § 8–301(3). On its face, the statute does not indicate whether referral means the citation's date of issuance, the date of its filing in the municipal court, or the date of its filing in the juvenile court. Rule 11, however, eliminates issuance as a possibility: "The referral for any [non-felony offense] may be made by the *filing* of an Arizona Traffic Ticket and Complaint in lieu of a petition." Ariz. R.P. Juv. Ct. 11 (emphasis added). The Rule signals that commencement of a juvenile proceeding by referral of a traffic citation is made upon the filing of the citation. We therefore reject petitioners' argument that the speedy justice time begins from the issuance of a traffic citation.

¶ 20 Although the Rule does not specify, we conclude that commencement begins by the first filing of the citation. Neither the Rule nor any statute limits referrals of traffic citations to the juvenile court. In addition, Rule 11 allows the presiding judge of the juvenile court to authorize hearing officers to hear and dispose of non-felony offenses. That combination strongly suggests that when our supreme court adopted Rule 11, it considered the possibility that traffic citations would be filed in courts other than the juvenile court. Accordingly, a juvenile proceeding may be commenced by filing a traffic citation in municipal court.

¶ 21 Other considerations compel the conclusion that filing in the municipal court can commence the speedy justice time. If Rule 11 applied only to filings of citations made in juvenile court, then the speedy justice rules would not apply to a juvenile proceeding conducted in a municipal court. Moreover, if a municipal court judge acting as a juvenile hearing officer later decided to transfer the case to juvenile court, the transferring court would operate under no time limit for transferring the case file. Similarly, the juvenile court would operate under no time limit to file the documents it receives from the municipal court. As a result, delays of weeks or months could occur without consequence, as the facts of these special actions illustrate.

¶ 22 In addition, differential treatment of juveniles would occur depending on whether the juveniles were cited directly into juvenile court, transferred from municipal courts, or adjudicated in other courts by juvenile hearing officers. Juveniles transferred to juve-

nile court would not be assured of speedy adjudication.

¶ 23 We therefore hold that the first filing of a traffic citation commences the thirty day time period under Rule 6.1(C)(2), regardless of the court in which the citation is filed. This approach makes uniform the time for an adjudication hearing in all courts that hear juvenile cases. The State receives no automatic extension of time when it cites the juvenile into a court other than juvenile court. This holding does not deprive the State of an opportunity to extend the time limit when necessary. Subsections (G) and (H) of Rule 6.1 already permit extensions or exclusions of time, but place the burden on the State to justify them and to obtain court approval.

¶ 24 In summary, we accept special action jurisdiction and grant partial relief. We deny relief on the first issue, holding that a traffic citation used to commence a juvenile court proceeding need not comport with the content requirements of Rule 4. We grant relief on the second issue, holding that an advisory hearing more than thirty days after the filing of a traffic citation in any court violates the speedy juvenile justice requirements of Rule 6.1(C)(2).

¶ 25 We direct the respondent commissioners to calculate the number of days between the filing of the citation in the municipal court and the advisory hearing. The respondents may consider whether any time ought to be excluded pursuant to Rule 6.1(G)(1). If applicable, the respondents, after a hearing, shall determine whether the initial hearing before the municipal court constituted an advisory hearing. We also direct the respondents to calculate the number of days between the advisory hearing and adjudication. If the respondents conclude that a speedy justice time limit has been violated, the respondents shall dismiss the case with or without prejudice pursuant to Rule 6.1(J).

CONCURRING: EDWARD C. VOSS, Presiding Judge, and RUDOLPH J. GERBER, Judge.