346 P.3d 991

**AEA FEDERAL CREDIT UNION, Plaintiff/Appellee,**

v.

**YUMA FUNDING, INC., an Arizona corporation, Defendant/Appellant.**

**No. 1 CA–CV 14–0305.**

Court of Appeals of Arizona, Division 1.

March 31, 2015.

Law Offices of Larry W. Suciu PLC By Barry L. Olson, Yuma, Counsel for Plaintiff/Appellee.

Schneider & Onofry PC By Jason M. Kelly, Yuma, Counsel for Defendant/Appellant.

Judge KENTON D. JONES delivered the Opinion of the Court, in which Presiding Judge JOHN C. GEMMILL and Judge DONN KESSLER joined.

## OPINION

JONES, Judge:

¶ 1 Yuma Funding, Inc. (Yuma Funding) appeals from the trial court's order denying its motion to set aside orders appointing, and subsequently releasing, a receiver requested by AEA Federal Credit Union (AEA). We hold that an order declining to set aside an order appointing or releasing a receiver is not a final appealable order under Arizona Revised Statutes (A.R.S.) section 12–2101(A)(5)(b).[1] Accordingly, we dismiss this appeal for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Yuma Funding is an Arizona corporation which, during the events giving rise to the underlying action, was owned and operated by Ken Stevenson, his wife, and his daughter, Tammy Sherman. By 2009, Yuma Funding had obtained nearly three hundred loans from AEA to assist customers in purchasing vehicles from T & K Enterprises, an automobile retailer owned and operated by Stevenson. Each loan obtained from AEA was secured by a lien on the title of the respective vehicle and/or the personal guaranty of Stevenson or Sherman.

¶ 3 In January 2010, AEA filed a verified complaint against Yuma Funding, Stevenson, and Sherman alleging they breached the loan agreements by failing to pay the amounts due from September 2009 through January 2010. AEA further alleged it had recently learned Stevenson's wife was attempting to remove or destroy Yuma Funding's business records, and, although the underlying agreements required Yuma Funding to provide information regarding its operations and financial affairs upon request, AEA had been denied access to those business records on two separate occasions. AEA requested monetary damages, as well as appointment of a receiver "to take possession of, secure, maintain and operate Yuma Funding to ensure repayment of the loans" at issue.

¶ 4 That same day, the trial court entered an *ex parte* order appointing the requested receiver for Yuma Funding, finding "the opportunity to preserve and protect [AEA]'s interest in the collateral or other property currently in the control of Yuma Funding ... and the opportunity to satisfy the outstanding obligations of [Yuma Funding] owed to [AEA] w[ould] be lost or substantially impaired" if a receiver was not appointed on an expedited basis. The order authorized the receiver to undertake "any and all acts necessary to the proper and lawful conduct of the receivership," including vesting complete and exclusive control over Yuma Funding's records, financial accounts, assets and operations in the receiver. The order further authorized the receiver to apply income received by Yuma Funding to the obligations owed to AEA after the payment of operating expenses and receiver's fees. The appointment became effective on January 25, 2010, when the receiver posted a $100,000 bond and filed his oath of receiver.

¶ 5 Yuma Funding was served on January 29, 2010, with a copy of the complaint, summons, application for appointment of receiver *ex parte*, and order appointing receiver. While both Stevenson and Sherman personally appeared and participated in the trial court proceedings, albeit in a limited fashion, Yuma Funding did not obtain counsel to enter an appearance, file an answer, or otherwise proffer a defense.[2] Nor did any of the defendants request a hearing or object to the appointment of the receiver. As a result, AEA filed an application for entry of default against Yuma Funding on February 22, 2010, and after no response was received, default entered on March 8, 2010.

---

1. Absent material revisions from the relevant date, we cite a statute's current version.

2. Neither Stevenson nor Sherman is a party to this appeal.

¶ 6 Meanwhile, consistent with the trial court's order, the receiver submitted a report detailing his initial assessment of Yuma Funding's financial situation, an inventory of assets, and a list of issues with Yuma Funding's operations, including poor record-keeping, missing car titles, and potentially improper accounting practices. The receiver continued to manage the operations of Yuma Funding and filed and served on all parties— including counsel for Stevenson and Sherman—monthly status reports detailing cash receipts and disbursements. No objection or request for hearing was made in regard to any of these filings.

¶ 7 In June 2010, AEA requested the receivership be terminated and all property in the receiver's possession be turned over to AEA to satisfy the debt allegedly owed by Yuma Funding. AEA represented that the receiver "ha[d] recovered, insofar as possible, all vehicles subject to a lien in favor of AEA," and the only remaining task was to collect accounts receivable. Therefore, the purpose of the receivership—to protect and preserve collateral—had been fulfilled and the receivership was no longer necessary. The receiver joined in the request, and the trial court entered an order on July 16, 2010, releasing the receiver, discharging him from any liability for acts taken in the course of the receivership, purporting to exonerate the bond, approving the receiver's final compensation, setting a thirty-day deadline for a final accounting, and ordering the receiver to "abandon all books and records" to AEA.[3] The receiver filed and served an interim status report in August 2010 and a final status report in September 2010.

¶ 8 More than two years later, in December 2012, AEA filed a motion to dismiss and for release of the receivership bond. In response, Yuma Funding made its first appearance in the litigation,[4] requesting a thirty-day extension to file an objection to the motion to dismiss on the basis it was "not urgent as the case has been pending for a considerable time without adjudication." Following receipt of Yuma Funding's written objection and after oral argument, the trial court denied AEA's motion for voluntary dismissal, but released the receivership bond.

¶ 9 In November 2013, almost four years after the receiver was appointed, Yuma Funding filed a motion to set aside the order appointing the receiver and "restore the *status quo ante* as it existed on January 22, 2010." It alleged several grounds for relief, including, among other things, jurisdictional defects and due process violations.

¶ 10 After hearing arguments, the trial court denied the motion to set aside in a signed order on January 30, 2014. Yuma Funding filed its notice of appeal from that order on February 5, 2014.

## DISCUSSION

¶ 11 We first consider AEA's contention that we lack jurisdiction over this putative appeal. "[A]n appeal is a matter of privilege granted by the Constitution or by statute, and the right to appeal does not exist unless expressly and affirmatively granted." *Ginn v. Superior Court,* 1 Ariz.App. 455, 457, 404 P.2d 721, 723 (1965) (citations omitted). In the absence of such authority, we "do not have jurisdiction to consider the merits of the

---

3. Yuma Funding complains the July 16, 2010 order was tantamount to liquidation of the company. Although titled "Order Requiring Turnover of Receivership Collateral," the body of the order does not specifically address disposition of Yuma Funding's assets.

4. The appearance by Yuma Funding occurred in an unusual manner. The trial court apparently initially allowed a "new shareholder," who filed several motions to intervene in various capacities, to proceed *pro per* in the defense of this action as "derivative of the corporation," on matters that had apparently occurred prior to him obtaining an interest in the corporation. *See* A.R.S. § 10–741 (addressing standing of

shareholder to bring derivative action); A.R.S. § 10–742 (requiring demand on corporation prior to bringing derivative action); *see also* Ariz. R. Civ. P. 23.1 (requiring verified complaint in derivative action by shareholder); *cf. Callanan v. Sun Lakes Homeowners' Ass'n No. 1,* 134 Ariz. 332, 336, 656 P.2d 621, 625 (App.1982) (requiring shareholder show exhaustion of remedies within "corporate political process" before filing derivative action). However, the court ultimately required Yuma Funding to obtain counsel to represent its interests. *See, e.g., Boydston v. Strole Dev. Co.,* 193 Ariz. 47, 50, ¶ 12, 969 P.2d 653, 656 (1998) (stating "a corporation cannot appear without a lawyer").

question raised on appeal." *Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981) (citing *Cnty. of Pima v. State Dep't of Rev.*, 114 Ariz. 275, 277, 560 P.2d 793, 795 (1977)). Yuma Funding appeals the trial court's order (1) denying Yuma Funding's motion to set aside the January 22, 2010 order appointing the receiver, and (2) denying Yuma Funding's motion to set aside the July 16, 2010 order releasing the receiver.

## I. Appellate Jurisdiction

### A. The Order Denying the Motion to Set Aside the January 22, 2010 Order Appointing the Receiver is Not Appealable.

■ ¶ 12 "The right [to appeal] is both defined and limited by A.R.S. § 12–2101." *Kemble v. Porter*, 88 Ariz. 417, 418–19, 357 P.2d 155, 156 (1960). Under A.R.S. § 12–2101(A)(5)(b), an appeal may be taken "[f]rom an order ... [g]ranting or dissolving an injunction, or refusing to grant or dissolve an injunction or appointing a receiver." Before the 1974 amendment of this statute, there was a comma between "refusing to grant or dissolve an injunction" and "or appointing a receiver." *Compare* A.R.S. § 12–2101(F)(2) (1974), *with* A.R.S. § 12–2101(F)(2) (1956). Yuma Funding relies on the removal of the comma in arguing "the 'refusing to grant or dissolve' language applies to 'appointing a receiver.' "[5] Therefore, it contends, "based on the plain reading of the deleted comma," the order denying the motion to set aside the appointment of the receiver is appealable.

¶ 13 To discern the meaning of a statute, we first consider the plain language and sentence structure. *Advanced Prop. Tax Liens, Inc. v. Sherman*, 227 Ariz. 528, 531, ¶ 14, 260 P.3d 1093, 1096 (App.2011) (citing *New Sun Bus. Park, L.L.C. v. Yuma Cnty.*, 221 Ariz. 43, 46, ¶ 12, 209 P.3d 179, 182 (App.2009)). If " 'a statute's language is clear and unambiguous, we must give effect to that language and need not employ other rules of statutory construction.' " *State v. Wood*, 198 Ariz. 275, 277, ¶ 7, 8 P.3d 1189, 1191 (App.2000) (quoting *State v. Riggs*, 189 Ariz. 327, 333, 942 P.2d 1159, 1165 (1997)). In considering the plain language, we assume words are meant to be given "their natural and obvious meanings unless otherwise stated." *State v. Garcia*, 219 Ariz. 104, 106, ¶ 6, 193 P.3d 798, 800 (App.2008) (citing A.R.S. § 1–213). Moreover, " '[s]tatutes must be given a sensible construction that accomplishes the legislative intent and which avoids absurd results.' " *State v. Affordable Bail Bonds*, 198 Ariz. 34, 37, ¶ 13, 6 P.3d 339, 342 (App.2000) (quoting *AHCCCS v. Bentley*, 187 Ariz. 229, 233, 928 P.2d 653, 657 (App.1996)).

¶ 14 The word "or" is a conjunction that is " 'used to link alternatives.' " *Garcia*, 219 Ariz. at 106, ¶ 10, 193 P.3d at 800 (quoting The New Oxford American Dictionary 1196 (2d ed.2005)). Dividing A.R.S. § 12–2101(A)(5)(b) into only two alternatives, separated by the single comma, as Yuma Funding suggests, would require us to hold that this subsection grants an appeal from (1) an order "granting or dissolving an injunction," and (2) an order "refusing to grant or dissolve an injunction or appointing a receiver." Notwithstanding the grammatical infirmities in Yuma Funding's proposed reading of the second clause, such interpretation would lead to an illogical result, where only the *refusal* to grant or dissolve the appointment of a receiver—and not an order of appointment—would be appealable. This result is directly contrary to the pre–1974 plain language of A.R.S. § 12–2101, which unequivocally permitted the appeal of an "order ... appointing a receiver." We cannot agree that the mere deletion of the grammatically optional serial comma,[6] in the absence of any other changes, indicates a legislative intent to change the scope of our appellate jurisdiction with respect to receivership orders as it existed in 1974. *See Jones v. Santa Cruz Cnty.*, 72 Ariz. 374, 377, 236 P.2d 361, 363 (1951) ("[M]inor changes in word placing and punc-

---

5. Yuma Funding argues a motion to "set aside" a receivership is functionally equivalent to a motion to "dissolve" a receivership. In light of our holding, we need not address whether there is a distinction between the two terms.

6. *See, e.g.*, Bryan A. Garner, *The Redbook: A Manual on Legal Style* § 1.3(a), at 3–4 (2d ed.2003) (noting "trend in popular writing" to omit the comma separating the last and next-to-last words or phrases grouped in a series).

tuation must be regarded as changes in form and not in substance of the law, unless a legislative intent to change the substance clearly appears.") (citing *Peterson v. Cent. Ariz. Light & Power Co.*, 56 Ariz. 231, 236–37, 107 P.2d 205, 208 (1940)).

¶ 15 Yuma Funding also contends that the terms "preliminary injunction," "temporary restraining order," and "receivership" should be treated interchangeably within A.R.S. § 12–2101(A)(5)(b). Although similar in some respects, the concepts are addressed separately and distinctly by our statutes, and require different processes and prerequisites. *Compare, e.g.*, A.R.S. § 12–1801 (describing grounds for injunction), *with* A.R.S. § 10–1432(A) (describing appropriate circumstances for appointment of receiver in dissolution of a corporation), *and* A.R.S. § 32–2197.15 (noting appointment of receiver is appropriate if it appears a person is concealing assets or self). The use of different terms in A.R.S. § 12–2101(A)(5)(b) evidences an intent to treat the circumstances differently for purposes of appellate jurisdiction. *Egan v. Fridlund–Horne*, 221 Ariz. 229, 239, ¶ 37, 211 P.3d 1213, 1223 (App.2009) ("[W]e presume that when the legislature uses different wording within a statutory scheme, it intends to give a different meaning and consequence to that language.") (citing *Comm. for Pres. of Established Neighborhoods v. Riffel*, 213 Ariz. 247, 249–50, ¶ 8, 141 P.3d 422, 424–25 (App.2006)).

¶ 16 We therefore hold the plain language of A.R.S. § 12–2101(A)(5)(b) does not grant jurisdiction of Yuma Funding's appeal from an order refusing to set aside an order appointing a receiver. Rather, A.R.S. § 12–2101(A)(5)(b) grants the right to appeal in three circumstances: (1) from an order "granting or dissolving an injunction," (2) from an order "refusing to grant or dissolve an injunction," and (3) from an order "appointing a receiver."

■ ¶ 17 Yuma Funding next argues the January 2014 order denying the motion to set aside the appointment of the receiver remains appealable under A.R.S. § 12–2101(A)(4) as "a final order affecting a substantial right made in a special proceeding or on a summary application in an action after judgment." However, the order denying Yuma Funding's motion to set aside is not and cannot be "after judgment" where no judgment has yet entered. *See* Ariz. R. Civ. P. 54(a); *Emeric v. Alvarado*, 64 Cal. 529, 2 P. 418, 482 (1884) (holding appeal of order appointing a receiver was not "a special order made after final judgment" because no final order had entered). Additionally, the order was not made in a "special proceeding." *See* Black's Law Dictionary (10th ed.2014) (defining a special proceeding as "[a] proceeding that can be commenced independently of a pending action"). To the contrary, by definition, a motion to set aside occurs within the very same proceeding as the original acts complained of, and therefore, Yuma Funding's request to set aside the appointment of the receiver cannot be considered separate and apart from the proceeding appointing the receiver. Accordingly, neither clause of A.R.S. § 12–2101(A)(4) applies. *See MCA Fin. Group v. Enter. Bank & Trust*, 236 Ariz. 490, 495, ¶ 11, 341 P.3d 1161, 1166 (App.2014) (interpreting A.R.S. § 12–2101(A)(4) to include two separate types of final orders: "one 'affecting a substantial right made in a special proceeding,'" and the other "made 'on a summary application in an action after judgment'").

¶ 18 Finally, Yuma Funding argues our holding will create an absurdity, whereby the order appointing a receiver can only be appealed within thirty days of its entry, and that "it's never too late" to raise deficiencies in jurisdiction or due process. As to the former point, we disagree that this result is either absurd or unintended. The appointment of a receiver sets in motion a series of events that cannot easily be unwound and may have significant effects on relationships and transactions involving non-parties. *See generally S.E.C. v. Wealth Mgmt. L.L.C.*, 628 F.3d 323, 331–32 (7th Cir.2010) (recognizing administrative difficulty of reversing consummated business transactions and potential for unfair effect on innocent third parties). In light of these difficulties, we find no fault in the legislature's decision to limit the time period in which to appeal an order appointing a receiver.

¶ 19 As to the latter contention, we note that absent jurisdiction over the merits of Yuma Funding's arguments, we have no authority to consider whether the trial court lacked jurisdiction to appoint the receiver or abused Yuma Funding's due process rights in doing so. The notion that such arguments can never be waived applies "only when the appellant timely appeals from the underlying appealable order or judgment, but has failed to raise [the argument] below." *Dowling v. Stapley,* 221 Ariz. 251, 264 n. 13, ¶ 38, 211 P.3d 1235, 1248 n. 13 (App.2009) (citing *Health for Life Brands, Inc. v. Powley,* 203 Ariz. 536, 538, ¶ 12, 57 P.3d 726, 728 (App. 2002), and *Butler Prods. Co. v. Roush,* 145 Ariz. 32, 32, 699 P.2d 906, 906 (App.1984)). Yuma Funding's failure to properly and timely appeal the order appointing the receiver deprives this Court of jurisdiction to review the alleged errors in its entry. *See id.* (citing *Kenyon v. Kenyon,* 5 Ariz.App. 267, 270, 425 P.2d 578, 581 (1967)).

## B. The Order Denying the Motion to Set Aside the July 16, 2010 Order Discharging the Receiver Is Not Appealable.

¶ 20 Yuma Funding also purports to appeal the denial of its motion to set aside the July 16, 2010 order discharging the receiver. Even assuming this issue was properly developed and preserved in the trial court, we lack jurisdiction over any such order. Section 12–2101(A)(5)(b) deals only with the appointment of a receiver, and does not provide appellate jurisdiction to review other types of receivership orders. Additionally, a motion seeking to set aside the discharge of the receiver, such as that presented by Yuma Funding here, is not a proceeding "separate" from the pending action; nor is it a "final order" of the court establishing the rights or liabilities of the parties. Accordingly, A.R.S. § 12–2101(A)(4) is not applicable. Yuma Funding has not identified any other statute through which jurisdiction might lie from an order addressing a request to set aside an order releasing a receiver, and we discern none.

## II. Special Action Jurisdiction

¶ 21 In the alternative, Yuma Funding requests we exercise special action jurisdiction over this matter. When we lack appellate jurisdiction, "it is within our discretion to consider the matter as a special action." *State v. Perez,* 172 Ariz. 290, 292, 836 P.2d 1000, 1002 (App.1992) (citing *Brown v. State,* 117 Ariz. 476, 477, 573 P.2d 876, 877 (1978)); *see also* A.R.S. § 12–120.21(A)(4) (granting court of appeals authority to hear special actions "without regard to its appellate jurisdiction"). Special action jurisdiction is proper "in cases that raise issues of statewide importance, issues of first impression, pure legal questions, or issues that are likely to arise again," *Frimmel v. Sanders,* 236 Ariz. 232, 238, ¶ 22, 338 P.3d 972, 978 (App. 2014) (citing *Luis A. v. Bayham–Lesselyong ex rel. Cnty. of Maricopa,* 197 Ariz. 451, 452–53, ¶ 2, 4 P.3d 994, 995–96 (App.2000)), or "when the party has no plain, adequate or speedy remedy by appeal, and justice cannot be obtained by other means." *Luis A.,* 197 Ariz. at 453, ¶ 2, 4 P.3d at 996 (citing *Nataros v. Superior Court,* 113 Ariz. 498, 499, 557 P.2d 1055, 1056 (1976)). Generally, we will not exercise special action jurisdiction where an appeal from an otherwise appealable order is not taken within the time period prescribed by the Arizona Rules of Civil Appellate Procedure. *Jordan v. Rea,* 221 Ariz. 581, 586, ¶ 8, 212 P.3d 919, 924 (App.2009); *Stapert v. Ariz. Bd. of Psychologist Exam'rs,* 210 Ariz. 177, 182, ¶ 24, 108 P.3d 956, 961 (App.2005).

¶ 22 The time to appeal the January 2010 order appointing the receiver has long passed, and we lack subject matter jurisdiction to consider its entry. *Id.; see also Sato v. First Nat'l Bank of Ariz.,* 12 Ariz.App. 263, 266, 469 P.2d 829, 832 (1970) (holding failure to appeal order appointing a receiver precludes a party from later raising issue on appeal from final judgment). And, as to the July 2010 interlocutory order releasing the receiver, and the January 2014 order denying the motion to set it aside, an adequate remedy by appeal exists, either from an order approving the final accounting, *Ritter v. Ariz. Cattle Co.,* 34 Ariz. 278, 285–86, 271 P. 25, 27–28 (1928) (holding interlocutory orders regarding a receiver's actions made in the course of receivership "may be reviewed only on appeal from the final judgment approving

or disapproving the final account of the receiver"), or from entry of final judgment on AEA's complaint. *Dowling,* 221 Ariz. at 263 n. 12, ¶ 36, 211 P.3d at 1247 n. 12 ("[A]ppeal from the final judgment would include appeals from otherwise non-appealable interlocutory orders.") (citing A.R.S. § 12–2102(A)). For these reasons, we decline to treat Yuma Funding's appeal as a special action.

## CONCLUSION

¶ 23 For the foregoing reasons, we dismiss Yuma Funding's appeal from the order denying its motion to set aside the orders appointing, and then releasing, the receiver in this matter.

¶ 24 Both parties request their attorneys' fees and costs on appeal pursuant to A.R.S. § 12–341.01 and ARCAP 21. Yuma Funding is not the prevailing party, and we therefore decline its request. In our discretion we decline AEA's request for fees. However, as the prevailing party, AEA is entitled to its costs on appeal upon compliance with ARCAP 21.