NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

AEA FEDERAL CREDIT UNION, *Plaintiff/Appellee*,

*v.*

YUMA FUNDING, INC., an Arizona corporation, *Defendant/Appellant*.

No. 1 CA-CV 15-0753
FILED 12-22-2016

---

Appeal from the Superior Court in Yuma County
No. S1400CV201000062
The Honorable John P. Plante, Judge

**APPEAL DISMISSED**

---

COUNSEL

Law Offices of Larry W. Suciu, PLC, Yuma
By Barry L. Olsen
*Counsel for Plaintiff/Appellee*

Schneider & Onofry, P.C., Yuma
By Jason M. Kelly
*Counsel for Defendant/Appellant*

_____

## MEMORANDUM DECISION

Judge Mark R. Moran[1] delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

_____

**M O R A N**, Judge:

**¶1**　　　　Yuma Funding, Inc. ("Yuma Funding") appeals the superior court's order granting its request to dissolve various injunctions issued in conjunction with the prior appointment of a receiver but denying its request to the extent it sought the return of books and assets and other relief, including the return of the parties "to their respective positions as they would have existed" before the appointment of the receiver. For the following reasons, we dismiss the appeal for lack of appellate jurisdiction.

### BACKGROUND AND PROCEDURAL HISTORY[2]

**¶2**　　　　Yuma Funding is an Arizona corporation owned and operated by Ken Stevenson, his wife, and his daughter, Tammy Sherman. Ken Stevenson also owns and operates T & K Enterprises ("T & K"), an automobile retailer. By 2009, Yuma Funding had obtained roughly 300 loans from AEA Federal Credit Union ("AEA"). Yuma Funding obtained those loans to help customers buy vehicles from T & K. The loans were either secured by a lien against the respective vehicles or by personal guaranty of Stevenson or Sherman.

**¶3**　　　　In January 2010, AEA sued Yuma Funding for breach of contract and moved to appoint a receiver. The same day AEA filed the complaint, the superior court granted AEA's motion to appoint a receiver. The order appointing a receiver also contained various prohibitory and affirmative injunctions, including prohibiting Yuma Funding from interfering with the receiver and requiring Yuma Funding to deliver to the

_____

[1]The Honorable Mark R. Moran, Judge of the Arizona Superior Court, has been authorized to sit on this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]Additional history may be found in *AEA Federal Credit Union v. Yuma Funding, Inc.*, 237 Ariz. 105, 346 P.3d 991 (App. 2015) ("*AEA I*").

receiver various assets, books, and records. AEA did not serve Yuma Funding until several days after filing the complaint.

¶4          When Yuma Funding did not respond, AEA sought entry of default against Yuma Funding in February 2010 (which, given the passage of time, the superior court entered), *see* Ariz. R. Civ. P. 55(a), and a motion for entry of default judgment against Yuma Funding is pending. After his appointment, the receiver managed Yuma Funding, and in June 2010, AEA filed a motion to establish a timeline to terminate the receivership. In July 2010, the superior court issued an order requiring the receiver to provide a final accounting and request for final compensation, adding the receiver "is released and discharged from any liability to anyone for acts taken" as receiver. The order also approved "[f]inal compensation" for the receiver and directed the receiver "to abandon all books and records held."[3]

¶5          In November 2013, Yuma Funding moved to set aside the January 2010 order appointing the receiver. The superior court denied that motion in January 2014. Although Yuma Funding appealed that denial, this court held that "the plain language of A.R.S. § 12-2101(A)(5)(b) [(2016)[4]] does not grant [appellate] jurisdiction of Yuma Funding's appeal from an order refusing to set aside an order appointing a receiver." *AEA I*, 237 Ariz. at 111, ¶ 16, 346 P.3d at 997.

¶6          In March 2015, Yuma Funding filed a motion that asked the superior court to dissolve the injunctions contained in the January 2010 order. The motion also sought to return the parties "to their respective positions as they would have existed" in January 2010 and to have the receiver and AEA return Yuma Funding's books, assets, and records. In October 2015, the superior court granted Yuma Funding's request to dissolve the injunctions on a "going forward" basis. However, the superior court denied Yuma Funding's request for the return of its books, assets, and records and to order that the parties be returned to their positions before the receiver was appointed. Although the October 2015 ruling is not a final

---

[3]Notwithstanding this July 2010 order, the record does not include a final accounting or request for final compensation by the receiver. Moreover, during oral argument for this appeal, counsel were uncertain as to the current status or involvement, if any, of the receiver.

[4]The statutes cited in this memorandum decision have not been materially amended since AEA originally sued Yuma Funding for breach of contract in 2010. Thus, we cite to the current versions of the statutes.

judgment, Yuma Funding filed a timely appeal from that interlocutory ruling.

## DISCUSSION

¶7         The November 2015 order is not a final judgment appealable under Arizona Rule of Civil Procedure 54(b) or 54(c). *See* A.R.S. § 12-2101(A)(1) (appeal may be taken from final judgment). Yuma Funding claims this court has appellate jurisdiction under A.R.S. § 12-2101(A)(5)(b), which provides appellate jurisdiction over an interlocutory order "dissolving an injunction, or refusing to . . . dissolve an injunction" without the requirement that the order include Rule 54(b) or 54(c) certification. *See Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 421, 427, ¶ 9, 380 P.3d 659, 665 (App. 2016) (appeals taken under A.R.S. § 12-2101 are not subject to Rule 54(b) or 54(c) certification). *Brumett*, however, leaves unresolved whether this court has appellate jurisdiction under A.R.S. § 12-2101(A)(5)(b) in this case; it held only that "compliance with Rule 54(b) or 54(c) was not required" for appellate jurisdiction to exist in an appeal from "an order quashing an injunction." *Brumett*, 240 Ariz. at 434, ¶ 35, 380 P.3d at 672. Thus, the question is whether this court has appellate jurisdiction over the October 2015 ruling now—before the entry of an appealable final judgment. *See* Ariz. R. Civ. P. 54(b) and 54(c).

¶8         Yuma Funding argues this court has appellate jurisdiction because the October 2015 order dissolved an injunction. Specifically, Yuma Funding appeals the following portion of the superior court's October 2015 order:

> That there is no further need for the Injunction set forth in this Court's Order dated January 22, 2010 and that the Injunction should be quashed as of October 1, 2015. *However, the quashing of the Injunction shall not be retroactive* and AEA shall not be required to return any documents, funds or other collateral or personal property delivered by the Receiver to AEA pursuant to the January 22, 2010 Order . . . . (Emphasis added.)

In response, AEA argues this court lacks appellate jurisdiction over the October 2015 order. There are two different reasons why this court lacks appellate jurisdiction over the October 2015 order, meaning any appeal by Yuma Funding of the relief denied in that ruling must await entry of, and timely appeal from, a final judgment under Rule 54(b) or 54(c).

**¶9**        First, to the extent the October 2015 order dissolved the injunctions contained in the January 2010 order, Yuma Funding has not been aggrieved by an order "dissolving . . . an injunction" under A.R.S. § 12-2101(A)(5)(b). Stated simply, Yuma Funding requested the dissolution of the injunctions and the superior court granted that request, meaning Yuma Funding has not been aggrieved by an order appealable under A.R.S. § 12-2101(A)(5)(b). Accordingly, Yuma Funding cannot appeal from the order dissolving the injunctions. *See Kondaur Capital Corp. v. Pinal Cty.*, 235 Ariz. 189, 192, ¶ 6, 330 P.3d 379, 382 (App. 2014) (appellate jurisdiction is confined to appeals taken by party aggrieved by a judgment; party may not appeal a court's ruling which is favorable to that party) (citations omitted).

**¶10**        Second, to the extent the October 2015 order denied Yuma Funding's request for relief other than the dissolution of the injunctions, that ruling denied requested relief far different than dissolving an injunction. Instead, that ruling is the denial of a request for interlocutory affirmative relief which is not independently appealable unless issued in the form of a "final judgment." *See AEA I*, 237 Ariz. at 108, ¶ 11, 346 P.3d at 994 (appellate jurisdiction does not exist unless affirmatively granted by the Arizona Constitution or by statute); *see also* A.R.S. § 12-2101 (describing limited instances where appellate jurisdiction exists over interlocutory orders). As noted, the October 2015 order is not a "final judgment" appealable under Rule 54(b) or 54(c) and Yuma Funding does not claim appellate jurisdiction on any basis other than A.R.S. § 12-2101(A)(5)(b). Accordingly—and recognizing a ruling on requests for such affirmative relief are not independently appealable absent compliance with Rule 54(b) or 54(c)—Yuma Funding has not shown how this court has appellate jurisdiction to consider the superior court's rulings on its request for relief other than the dissolution of the injunctions.

## CONCLUSION

¶11     Yuma Funding was not aggrieved by the superior court's October 2015 order to the extent it sought the dissolution of injunctions. Because this court lacks appellate jurisdiction over the denial of the other relief requested by Yuma Funding, and the October 2015 order does not comply with Rule 54(b) or 54(c), the appeal is dismissed for lack of jurisdiction. As the prevailing party on appeal, AEA is awarded its taxable costs pursuant to A.R.S. § 12-341 (2016) contingent upon its compliance with Arizona Rule of Civil Appellate Procedure 21. Exercising our discretion under A.R.S. § 12-341.01(A) (2016), we deny AEA's request for attorneys' fees without prejudice to seeking such an award from the superior court upon entry of judgment.



AMY M. WOOD • Clerk of the Court
FILED:   AA