NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

AEA FEDERAL CREDIT UNION,
*Plaintiff/Appellee,*

v.

YUMA FUNDING INC.,
*Defendant/Appellant.*

No. 1 CA-CV 19-0583

FILED 7-2-2020

---

Appeal from the Superior Court in Yuma County
No.  S1400CV201000062
The Honorable Maria Elena Cruz, Judge *Retired*
The Honorable Levi Gunderson, Judge *Pro Tempore*
The Honorable John Plante, Judge *Retired*

**AFFIRMED**

---

COUNSEL

Law Offices of Larry W. Suciu, PLC, Yuma
By Barry L. Olsen
*Co-Counsel for Plaintiff/Appellee*

Garcia & Villarreal, PLC, Yuma
By John S. Garcia
*Co-Counsel for Plaintiff/Appellee*

Carson Messinger, PLLC, Phoenix
By Jason M. Kelly
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

¶1            Yuma Funding, Inc. ("Yuma Funding") appeals the superior court's final judgment.  We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2            This is a familiar case.  Yuma Funding appeals to us for the fourth time in this matter.  *See AEA Fed. Credit Union v. Yuma Funding, Inc.,* 237 Ariz. 105 (App. 2015) ("*AEA I*"); *AEA Fed. Credit Union v. Yuma Funding, Inc.,* 1 CA-CV 15-0753, 2016 WL 7404664 (Ariz. App. Dec. 22, 2016) (mem. decision) ("*AEA II*"); *Yuma Funding, Inc. v. Plante (AEA Federal Credit Union),* 1 CA-SA 15-0277 (Ariz. App. Oct. 30, 2015) (special action jurisdiction denied).

¶3            A detailed description of the facts and procedural background is available in this court's earlier decisions, *e.g.*, *AEA I*, 237 Ariz. at 107-108, ¶¶ 2-10, but we briefly recount them here.  Yuma Funding was a subprime automobile lender owned by Ken Stevenson, his daughter and Maria Stevenson.  From 2007 to 2010, Yuma Funding obtained 256 loans from AEA Federal Credit Union ("AEA") to finance consumers who wanted to buy automobiles from Ken's dealership, T&K Enterprises.  Yuma Funding defaulted on the loans.  AEA sued Yuma Funding for breach of contract in January 2010, asking the superior court to appoint a receiver to preserve Yuma Funding's records and protect AEA's interest in any collateral.  The court granted AEA's motion and appointed a receiver *ex parte* (the "Appointment Order").  The Appointment Order vested the receiver with "complete and exclusive control" of Yuma Funding's books, records, accounts and assets; it also enjoined Yuma Funding from possessing, misappropriating or disposing of the collateral.

¶4            AEA served Yuma Funding with copies of the complaint, summons and *ex parte* order appointing a receiver.  Yuma Funding filed no responsive pleadings and did not contest the appointment.  AEA then secured an entry of default and moved for a default judgment, requesting

a damages hearing.[1]  The receiver and AEA later moved the superior court to terminate the receivership.  In July 2010, about six months after the appointment, the court found the receiver had fulfilled its duties and released the receiver (the "Release Order").  The court ordered the receiver to turn over the collateral in his possession to AEA.  The court also ordered the receiver to submit a final report and deliver the debtor's financial records to AEA.  The receiver issued a final report in September 2010.

¶5            Yuma Funding first appeared in the lawsuit in November 2013, over three years later.  Yuma Funding moved the court to set aside its Appointment Order and Release Order.  Ariz. R. Civ. P. 60(b).[2]  The motion was denied.  Yuma Funding appealed.  We dismissed the appeal for lack of jurisdiction, explaining in part that "[t]he time to appeal the January 2010 order appointing the receiver has long passed, and we lack subject matter jurisdiction to consider its entry."  *AEA I*, 237 Ariz. at 111, ¶ 22.

¶6            Yuma Funding then moved the superior court to dissolve the injunctions set forth in the Appointment Order and to set aside the entry of default.  The court refused to set aside the default but prospectively dissolved the injunctions because the receivership had closed and the receiver was released.  AEA was not ordered to return "any documents, funds or other collateral or personal property delivered by the Receiver to AEA pursuant to the January 22, 2010 Order."  Yuma Funding appealed.  We again dismissed the appeal for lack of jurisdiction.  *AEA II*, 1 CA-CV 15-0753, at *3, ¶ 11.

¶7            The superior court held a four-day damages hearing in October 2018.  It received into evidence over 200 exhibits and heard testimony from eight witnesses.  Yuma Funding was represented by counsel at every phase of the hearing, submitting documentary evidence and cross-examining all witnesses.  Following the hearing, the court issued a detailed ruling with findings of fact and conclusions of law.  The court discredited AEA's damages computation as "critically flawed" because it overstated Yuma Funding's debt on the loans.  The court ordered AEA to prepare a new damages calculation using the court's modified formula within thirty days.  The court also invited Yuma Funding to "challenge the

---

[1]      The damages hearing would not happen for over eight years due in part to Yuma Funding's frequent interlocutory appeals.

[2]      Rule 60(c) was renumbered as Rule 60(b), effective January 1, 2017, but is substantively identical to the prior rule.

calculation as to any of the loans by preparing a similar calculation showing corrections."

**¶8**      AEA submitted a revised accounting of damages using the court's formula. Yuma Funding did not prepare its own calculation or offer corrections to AEA's calculation; instead, Yuma Funding generally criticized the court's methodology as an "estimate" based on inadmissible evidence and complained that Yuma Funding lacked resources to perform its own calculation. The superior court entered final judgment in favor of AEA for damages, receiver fees and attorney fees in the amount of $455,546.31. Yuma Funding timely appealed.

## DISCUSSION

### I.      Appointment Order & Release Order

**¶9**      As we explained in *AEA I*, "[t]he time to appeal the January 2010 order appointing the receiver has long passed, and we lack subject matter jurisdiction to consider its entry." 237 Ariz. at 111, ¶ 22. That remains true. *See Dowling v. Stapley*, 221 Ariz. 251, 264, ¶ 39 (App. 2009) (failure to timely appeal interlocutory order appointing a receiver precludes later challenge on direct appeal). We still lack jurisdiction to hear Yuma Funding's challenge to the Appointment Order.

**¶10**      Yuma Funding also argues the superior court erroneously denied its motion to set aside the Release Order under Rule 60(b). We have jurisdiction to hear the argument. A.R.S. § 12-2102(A) (the court has jurisdiction to consider "any intermediate orders" and "all orders and rulings assigned as error" on appeal from a final judgment); *see AEA I,* 237 Ariz. at 111-12, ¶ 22 (citing cases). We review the court's ruling on a Rule 60(b) motion for an abuse of discretion, *Sign Here Petitions LLC v. Chavez*, 243 Ariz. 99, 108, ¶ 35 (App. 2017), but whether an order is void is reviewed de novo, *BYS Inc. v. Smoudi*, 228 Ariz. 573, 578, ¶ 18 (App. 2012).

**¶11**      Yuma Funding contends the Release Order violated its due process rights, describing the Release Order as a liquidation order based on its requirement that the receiver provide Yuma Funding's books and records to AEA. We find no abuse of discretion because Yuma Funding did not satisfy Rule 60(c), which required that Yuma Finding move to set aside the order within a reasonable time. Yuma Funding waited over three years to object to the July 2010 Release Order; it only appeared in the lawsuit and moved to set aside the Release Order in November 2013.

**¶12** Beyond that, Yuma Funding cannot show prejudice because it had a full and fair opportunity to contest AEA's claims of losses during an extensive damages phase and evidentiary hearing. *See Copeland v. Ariz. Veterans Mem'l Coliseum & Exposition Ctr.*, 176 Ariz. 86, 89 (App. 1993) (relevant factors under former Rule 60(c)(6), now Rule 60(b)(6), include "substantial prejudice" unless relief is granted). The receiver also testified that Yuma Funding had no assets beyond its obligations to AEA.

**¶13** Yuma Funding also argues the receiver did not release a final accounting as required under the Appointment Order. But the receiver filed a final status report and accounting in September 2010. Yuma Funding offers no authority to show this was not enough.

## II. Denial of Access to Assets

**¶14** Yuma Funding next complains the trial court "unfair[ly] and unconstitutional[ly]" denied it access to frozen assets needed to "mount a defense." This argument fails on several fronts. To begin, it ignores the procedural posture. Yuma Funding did not object to the receiver's actions and only moved to repatriate these "frozen assets" long after default had been entered against it and liability had been resolved. At that point, the assets represented AEA's collateral under the security agreements. Yuma Funding has not shown the receiver improperly seized or held the assets under the terms of the Appointment Order and security agreements.

**¶15** Nor do we accept Yuma Funding's general constitutional argument. The Constitution does not guarantee a right to counsel in civil cases. U.S. Const. amend. VI. Due process is satisfied if a litigant has the option to hire an attorney. S*ee Encinas v. Mangum,* 203 Ariz. 357, 359, ¶ 10 (App. 2002). As the superior court noted, Yuma Funding's capital investors could have hired an attorney to protect their investment. They did not. We affirm the court's denial of the motion to repatriate funds.

## III. Damages Hearing Evidentiary Issue

**¶16** AEA introduced exhibits for each of its 256 loans to Yuma Funding, which contained Yuma Funding's sales contract, a promissory note from Yuma Funding to AEA, a commercial loan and security agreement, vehicle title and loan payment history. Yuma Funding argues the superior court erroneously found the exhibits satisfied the hearsay exception for business records under Arizona Rule of Evidence 803(6). Yuma Funding also argues the exhibits were not admissible because AEA never called the custodian of records or document creator and the only AEA official to testify had not even joined AEA until after the exhibits were

created. Yuma Funding also questions the accuracy of the exhibits because AEA did not include the source data, including payment receipts or canceled checks. "We will not disturb a trial court's ruling on the admissibility of evidence absent a clear abuse of discretion and resulting prejudice." *Jimenez v. Wal-Mart Stores, Inc.*, 206 Ariz. 424, 427, ¶ 10 (App. 2003).

**¶17**　　　　We find no abuse of discretion. *See Larsen v. Decker,* 196 Ariz. 239, 241, ¶ 6 (App. 2000). AEA's senior vice president testified that the records were maintained at AEA, made at or near the relevant time by someone with personal knowledge, maintained in the ordinary course of business, and made as a regular practice of the business. *See* Ariz. R. Evid. 803(6). AEA need not have called the person who created the documents. *See State v. McCurdy,* 216 Ariz. 567, 571-73, ¶¶ 9-10, 12 (App. 2007) (records admissible despite failure to identify scrivener where it is the business's regular practice to get information from such a person). Nor did Yuma Funding "show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Ariz. R. Evid. 803(6)(E).[3]

**¶18**　　　　Yuma Funding also argues the court failed to verify AEA's sources for the spreadsheets and summaries. But AEA offered the loan files for 256 loans to Yuma Funding, most of which were admitted into evidence and all of which were available for inspection. *See* Ariz. R. Evid. 1006 (summaries and charts are permitted to prove the content of voluminous records so long as duplicates or originals are available for examination). Nor does Yuma Funding show prejudice. The court rejected AEA's original damages methodology as "critically flawed" and devised a new formula "done on a loan by loan basis." Yuma Funding did not contest or challenge the accuracy of AEA's recalculation.

**¶19**　　　　Furthermore, the superior court did not merely accept AEA's summary of losses in Exhibit 257. Instead, the superior court carefully weighed each individual loan exhibit as reflected in its detailed factual analysis.

---

[3]　　　Yuma Funding also argues that AEA produced no payment records or source documents. Yuma Funding never raised this argument in the superior court, however, and thus waived it. *See Bobrow v. Bobrow*, 241 Ariz. 592, 597, ¶ 23 (App. 2017) (arguments not raised below are waived).

**CONCLUSION**

**¶20**        We affirm the superior court's judgment.  Both parties seek attorney fees and costs on appeal under A.R.S. § 12-341.01.  Yuma Funding's request is denied, but we grant AEA's request upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA